Lou Burnham, Appellant, v. Royal Insurance ` Company, Respondent.

St. Louis Court of Appeals, May 10, 1898.

1. **Insurance**: WHAT IS IMMEDIATE NOTICE. Where the policy of insurance by its terms requires *immediate* notice to the company by the insured, it means that a compliance with this condition of the policy is important and is a condition precedent to the right of the plaintiff to sue, and unless the defendant waives a compliance with it, its violation affords sufficient ground for the action of the circuit court in directing a verdict for plaintiff.

2. ———: ———. Where a fire occurs on December 18, 1893, and the notice to defendant is sent January 4, 1894, it is held that this is not a sufficient *immediate* notice.

3. **Proof of Loss by Fire.** Where it is conceded that plaintiff failed to furnish proof of loss to the insurance company, unless the requirement is waived, the plaintiff can not recover.

4. **Insurance**: CONDITIONS OF POLICY. Where, by the terms and conditions of a policy of insurance, the building insured was to be completed and occupied within thirty days from a certain date, and there is a violation of such a condition, and there is no waiver, such a violation invalidates the contract of insurance.

5. ———: WAIVER. An insurance company has the right to send its adjuster to the scene of loss without running the risk of having its action attributed to an intention to waive breaches of the condition of its policy.

*Appeal from the Iron Circuit Court.*—HON. JAMES F. GREEN, Judge.

AFFIRMED.

J. L. FORT, R. F. SCOTT and W. R. EDGAR for appellant.

The appellant acted as the agent of the mortgagee in procuring the issuance of the policy in suit. Therefore the appellant's knowledge of the falsity of any

statement made by him in that application is and was
the knowledge of the mortgagee, and if the policy is
or was voidable on account of such false statements or
representations, it was and is voidable as to both the
appellant and the mortgagee, and a waiver of the for-
feiture as to one was and is a waiver as to both, and
respondent having waived the forfeiture on this
account as to the mortgagee, can not now defend on
that ground against the appellant, or mortgagor. Ins.
Co. v. Cowan, 34 S. W. Rep. 460; Ostrander on
Insurance, p. 345; Ins. Co. v. Bank, 34 S. W. Rep.
333; Ins. Co. v. Brown, 82 Tex. 631. But the appli-
cation is not a part of the policy. Ins. Co. v. May, 35
S. W. Rep. 830; Ins. Co. v. Crist, 39 S. W. Rep. 839;
R. S. 1889, sec. 5898. If by any possible construction
the written and printed parts of the policy can be
reconciled, such construction must be adopted, and the
surrounding and particular circumstances of each case
will be overlooked in order to bring them into accord.
Miller v. R'y, 90 N. Y. 430; Johnson v. Wood, 84 Mo.
489. It is the province of the court and not of the
jury to interpret a written contract. State v. Donnelly,
9 Mo. App. 520; Lumber Co. v. Warren, 93 Mo. 374;
Chapman v. Ins. Co., 114 Mo. 542. Common sense
and good faith are the leading characteristics of all
interpretation. Fenton v. Perkins, 3 Mo. 33; Bank v.
Haygood, 62 Mo. App. 550. Time is not usually of
the essence of any contract, but where it is so, the
party performing may show that the delay was occa-
sioned by the acts of the party requiring the perform-
ance. Havens v. Ins. Co., 37 S. W. Rep. (Mo.)
498; More v. Ins. Co., 114 N. Y. 219; Tesson v.
Ins. Co., 40 Mo. 33; Bidwell v. Ins. Co., 40 Mo. 42.
If the policy be read with the long mortgage clause as a
part of it, it is still but one contract, and is voidable as
to the interest of the mortgagee as well as to that of

the mortgagor for any acts of omission or commission which do not relate personally to the mortgagor. Building Co. v. Ins. Co., 40 Pac. Rep. 125; Ormsby v. Ins. Co., 58 N. W. Rep. 301; Ins. Co. v. Cowan, 34 S. W. Rep. 460; Ostrander on Insurance, p. 345. Under the policy the duty of finishing the building was a joint one incumbent alike upon the mortgagor and mortgagee. Therefore a waiver as to one was a waiver as to both. Churchill v. Lamars, 60 Mo. App. 252; Ridge v. Ins. Co., 64 Mo. App. 108; Graham v. Ins. Co., 17 Hun. (N. Y.) 156. Respondent's denial of liability was a waiver of proofs of loss, unless it was made on the ground, among others, that no proofs of loss had been made. Stevens v. Ins. Co., 61 Mo. App. 197, 198; Mattingly v. Ins. Co., 77 Tex. 164; Kyle v. Ins. Co., 11 Mo. 278; Probst v. Ins. Co., 64 Mo. App. 484; Maddox v. Ins. Co., 39 Mo. App. 198; Gale v. Ins. Co., 33 Mo. App. 664; Colloneous v. Ins. Co., 3 Mo. App. 56; Weber v. Ins. Co., 35 Mo. App. 523; Schultz v. Ins. Co., 57 Mo. 331–335. When the company has knowledge of a loss and its adjuster proceeds in the usual manner to ascertain the material facts the company will be estopped from defending on the ground that no formal proofs of loss were made. Ostrander on Insurance, p. 530; McCollum v. Ins. Co., M. A.

FYKE, YATES & FYKE for respondent.

The respondent had no notice of the fire until January 5, 1894. This was not immediate notice. Laforce v. Ins. Co., 43 Mo. App. 530. Appellant never at any time made proofs of loss, and nothing was said or done during the time within which proofs of loss might have been made, which can be construed as a waiver of that condition precedent. There is

nothing in the record which shows or tends to show a waiver by respondent of this requirement. Erwin v. Ins. Co., 24 Mo. App. 145; Bolan v. Ins. Co., 58 Mo. App. 225; Leigh v. Ins. Co., 37 Mo. App. 542. The house was not completed and occupied as a dwelling within thirty days after the policy was issued. This defeats appellant's claim. Bank v. Royal Ins. Co., 23 N. E. Rep. (Mass.) 210. The written indorsement allowing thirty days to complete construction and occupy building as dwelling, prevails over and supersedes the printed conditions in the policy. 1 May on Ins. [3 Ed.], sec. 177, p. 330.

BIGGS, J.—In 1893 the plaintiff constructed a dwelling house on certain lots owned by him in the city of Popular Bluff. The firm of Linton & Tetwiler had the contract for building the house. On November 3, 1893, the plaintiff negotiated a loan of $2,000 from the Missouri Guarantee Savings and Buildings Association of Hannibal (hereinafter designated as the building association), and to secure this loan the plaintiff executed a mortgage on the house and lots. The loan was to be paid in instalments so as to enable the plaintiff to meet the demands of Linton & Tetwiler for the construction of the building. On November 15 and while the building was unfinished, the defendant issued to plaintiff a policy of insurance, by which it undertook to insure the house against destruction by fire in the sum of $1,500 for a period of five years, loss, if any, payable to the building association (mortgagee) as its interest might appear. At the time the policy was issued the building association and the defendant entered into a separate agreement, which contained among other provisions, the following: "This insurance, as to the interest of the mortgagee or trustee

STATEMENT.

only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the property insured." Among the printed conditions of the policy the following appear: "This entire policy unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if mechanics be employed in building, altering or repairing the within described premises for more than fifteen days at any one time, * * * or if a building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied and so remain for ten days." A slip of paper was attached to the face of the policy, on which was written the following: "Thirty days. granted to complete construction and occupy as dwelling the insured building." The policy also contains the following: "If fire occur the insured shall give immediate notice of any loss thereby in writing to this company, * * * and within sixty days after the fire, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said insured, stating the knowledge and belief of the insured, as to the time and origin of the fire; the interest of the assured and all others in the property; * * * by whom and for what purpose the building was occupied at the time of the fire."

CONDITIONS of the policy of insurance.

The house was burned on the eighteenth day of December, 1893. The defendant having refused to pay the loss, the plaintiff paid its debt to the building association, and thereupon instituted the present action on the policy. The defendant admitted the issuance of the policy, and the destruction of the building, but defended the action on the grounds that the plaintiff had failed to give immediate notice of the loss; had failed to furnish proofs of loss, and

also that the house had not been completed and
occupied as a dwelling within thirty days of the
date of the policy, and that the house was complete
and unoccupied at the time of the fire. In the reply
the plaintiff averred that due and timely notice of the
fire was given. He admitted that proofs of loss were
not furnished, but pleaded a waiver of them. He also
admitted that the house was not completed and
occupied within thirty days of the date of the policy,
but he averred that under the terms of the policy he
had forty-five instead of thirty days within which to
complete and occupy the house. At the close of the
evidence the circuit court instructed the jury to return
a verdict for the defendant, whereupon the plaintiff
submitted to an involuntary nonsuit. The court hav-
ing refused to set aside the nonsuit the plaintiff has
brought the case here by appeal.

It is conceded that the first and only notice of the
fire received by the defendant was sent by its own
agents at Hannibal, Missouri, and was received at
defendant's office in Chicago, Illinois, on the fifth day
of January, 1894. Waiving the question of the right
of the plaintiff to avail himself of this notice, we must,
in the absence of any testimony excusing
delay, hold that the notice was not in
time. The policy required *immediate*
notice. The fire occurred on December 18, 1893, and
the notice was sent January 4, 1894. Compliance
with this condition of the policy was important and
was a condition precedent to the right of plaintiff to
sue, and unless the defendant waived a compliance
with it, its violation afforded sufficient ground for the
action of the circuit court in directing a verdict for the
defendant. LaForce v. Ins. Co., 43 Mo. App. 518.
It is conceded that the plaintiff failed to furnish proofs
of loss, therefore the nonsuit was properly granted for

MEANING of
immediate
notice.

that reason, unless this requirement was also waived. (Leigh v. Ins. Co., 37 Mo. App. 542.) It is also undisputed that the house was not completed and occupied at the time it was burned, which was more than thirty days after the date of the policy. We hold that a violation of such a condition, where there is no waiver, invalidates the contract of insurance. Bank v. Royal Ins. Co., 23 N. E. Rep. (Mass.) 210.

As to the question of failure to occupy, the plaintiff makes two contentions, *first*, that by the terms of the policy he had forty-five days to complete and occupy the house, instead of thirty, as contended by the defendant; or, *second*, if the defendant is right in its construction, then by its acts and conduct it likewise waived a breach of this condition or requirement. As to the first contention the plaintiff is wrong. The written indorsement allowing thirty days for the construction of the house superseded the printed ·conditions of the policy until the· house was completed and occupied. (1 May on Insurance [3 Ed.], sec. 177.) The printed requirements as to vacancies and the making of repairs are applicable to ordinary policies—that is, to houses that are completed and occupied. As to such risks a vacancy of more than ten days avoids the policy, and the making of repairs which extend beyond fifteen days likewise avoids it. Here the house was unfinished and by special agreement the plaintiff was given thirty days to complete and occupy it. The other conditions or limitations referred to were only intended to apply after the house had been completed and occupied according to the special contract. It would, in our opinion, be a forced and unreasonable construction of the policy to allow the limit of thirty days to be extended by tacking onto it either of the other limitations.

The final question is whether there was any substantial evidence that the defendant waived the violations of the foregoing conditions. On this question it is insisted by counsel for plaintiff that there is evidence tending to prove that the defendant in February, 1894, sent its agent or adjuster to Poplar Bluff and that he adjusted the loss. There is some evidence that an adjusting agent of the defendant went to Poplar Bluff in February, 1894, but there is no evidence that he went there with any intention of adjusting the loss or that he attempted to do so. Linton & Tetwiler had procured a builder's policy on the house with another company. After the fire they made out proofs of loss. The only thing the adjuster did was to look over those papers. He did not see, nor did he have any communication with the plaintiff or with any one who represented him. It is impossible to connect his visit or his actions while at Poplar Bluff with the question of waiver. An insurance company certainly has the right to send its adjuster to the scene of a loss without running the risk of having its action attributed to an intention to waive breaches of the conditions in its policy.

EVIDENCE.

Finally it is urged that the correspondence of the defendant with the building association concerning the loss, evinces an intention by the defendant to waive the breaches of the conditions of the policy. Under the separate agreement with the building association the defendant agreed to indemnify it in case of loss, regardless of acts of omission or commission on the part of the plaintiff. In this separate agreement the plaintiff had no concern, nor was he prejudiced by it. The authorities treat such an agreement as a separate and independent contract of insurance. Ins. Co. v. Coverdale, 29 Pac. Rep. (Kan.) 682; Ulster v.

Lake, 73 N. Y. 161; Ostrander on Fire Insurance, sec. 120. Hence the acknowledgment by defendant of its liability to indemnify the building association (which is expressed in the correspondence) can not be construed as a waiver of its defenses as to plaintiff, especially as the defendant at all times in his dealings and correspondence with the association expressly disclaimed liability to the plaintiff. Thus in a letter of April 28, 1894, the defendant wrote: "We are now in receipt of a report on this claim from Mr. Matterson, our special agent, which has had our careful attention. No claim has been made under this policy by the assured. The building not having been completed and occupied within the time limited by the policy and there having been other insurance on the property without notice to us, our *only* liability, it appears, is under the special agreement with you."

It follows that the circuit court did right in directing a nonsuit, and the judgment will therefore be affirmed. All the judges concur.