UNITED STATES FIDELITY & GUARANTY COMPANY, Respondent, v. W. P. CARMICHAEL COMPANY, Appellant.

Kansas City Court of Appeals, December 18, 1916.

1. INSURANCE, INDEMNITY: Premiums: Notice of Accidents. The plaintiff, an insurance indemnity company, sued to recover from the defendants the unpaid balance of premiums due on two policies. The defendant refused to pay the premiums for the reason that the company refused to defend an action brought against the defendant by one Boardman, as the result of the defendant's negligence, and defendant was compelled to pay $1613.14. For this amount he filed a counter-claim, and a verdict was returned in the defendant's favor less the premiums. The plaintiff asked and was granted a new trial. *Held,* that the trial court acted within the bounds of its discretion in granting a new trial on the ground that the verdict was against the weight of the evidence.

2. **EVIDENCE:** Sufficiency. Where one proves by a stenographer that although she has no independent recollection of particulars relating to the mailing of a particular notice to an Insurance Company, yet she always prepared and mailed them in the chute for letters, that evidence is sufficient as to the sending of such notices and should be admitted.

3. ————: ————: **Notice.** A provision for notice in an employer's liability policy is of the essence of the contract and that a breach of such provision by the assured will prevent a recovery under the policy, not on the ground of forfeiture, but on the ground of non-performance of a condition precedent.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas,* Judge.

AFFIRMED.

*Ball & Ryland* for respondent.

*Haff, Meservey, German & Michaels* for appellant.

JOHNSON, J.—Plaintiff is an insurance indemnity company and on defendant's application issued to it two policies of insurance; one against loss by reason of accidents to its own employees, and the other against loss by reason of accidents to persons not its employees. This action was instituted by petition in two counts for unpaid balance of premiums due on the policies. Defendant had refused to pay these premiums for the reason that plaintiff had refused to defend a certain action by one Boardman against defendant for an accident happening to him as a result of defendant's negligence while performing certain public work, whereby defendant was compelled to defend itself, which it did by compromising with him for $1613.14. Defendant therefore filed its counterclaim to plaintiff's petition in that sum. A verdict was returned for defendant on its counterclaim, less the premiums claimed in the petition. Plaintiff asked and was granted a new trial and defendant appealed from that order.

The trial court stated the following reasons for granting a new trial, viz., ''For giving and refusing

instructions for defendant. For the reason that plaintiff under the pleadings and the evidence was entitled to a peremptory instruction on defendant's counterclaim, for the reason that the counterclaim was based on a contract alleging specific performance on the part of defendant of the conditions of said contract, and there being no proof offered of the compliance with the provisions of the contract creating a liability under which defendant claimed in its counterclaim. (And) That the verdict is contrary to the evidence and the weight of the evidence.''

The last reason assigned by the court will compel us to support the order for a new trial if there was any substantial evidence against the verdict; unless, on the record, no other verdict could have been rendered save in favor of the counterclaim.

The policy to which the counterclaim applies contains a clause requiring notice, in these words: ''Upon the occurrence of an accident the assured shall give immediate written notice thereof, with the fullest information obtainable at the time, to the company, at its home office or to the agent who has countersigned this policy.'' Plaintiff claims that this provision was not complied with and considers that, thereby, defendant lost its right to be indemnified, while defendant insists that, from three independent standpoints, such provision presents no hindrance to its claim. First, that it gave the notice as required; second, that notice was waived and, third, that though it did not give notice and though there was no waiver, there is no provision in the policy for a forfeiture for such default.

The proof of notice, if defendant's office clerk and stenographer is to be believed, was convincing. She testified explicitly that she wrote and mailed the notice immediately after the accident; directed, stamped, and mailed it to plaintiff's agent. She stated she distinctly remembered the Boardman accident, that she always mailed notices and that she did so in this case. But because she stated that she had no specific and separate recollection of putting that particular notice in the mail,

the trial court struck out her testimony. This was error; that rule would practically shut all evidence of many large business transactions.

In 29 Cyc. 240, 241, it is stated that, "On an issue as to whether notice of the assessment was given, evidence of the Secretary, whose duty it was to make and mail notices, as to his methods in preparing and sending them, is admissible, although he has no distinct recollection of sending the particular notice in question."

To the same effect is 7 Encyc. of Evidence, 716, and cases there cited.

In Backdahl v. Grand Lodge, 46 Minn. 61, the court said: "The financier, whose duty it is to forward notices, could not and would not testify, positively and specifically, that he mailed a notice to Backdahl, but he swore to sending notices of this particular assessment to all the members of the lodge, as he supposed, and as he evidently intended to do, including notice to Backdahl, 'if he was not overlooked.' From this the jury might find that notice was sent to Backdahl."

The same view of the law is expressed in the following cases: Pier v. Heinrichshoffen, 67 Mo. 163; Bang v. Pezoldt, 95 Mo. App. 404; Goucher v. Carthage Novelty Co., 116 Mo. App. 103; Ward v. Transfer Co., 119 Mo. App. 83; Grain Co. v. Railway, 120 Mo. App. 203. In the case last cited we observe that if "plaintiffs had been able to produce the stenographer and she had testified that, although she had no recollection of the particulars, she invariably prepared and mailed in the chute all letters received by her for mailing. The evidence would have been sufficient."

In the present case the testimony of the stenographer fully met this requirement and was endowed with enough probative force to carry to the jury, as an issue of fact, the question of whether or not the notice was mailed as she claims it was. The court erred in sustaining the motion for a new trial on the ground that there was "no proof offered of the compliance with the provisions of the contract creating a liability under which defendant claimed in its counterclaim."

But we cannot interfere with the ruling granting a new trial of this issue on the ground that the verdict is against the weight of the evidence and the judgment should be affirmed unless we find that counsel for defendant are right in either of the contentions—first, that it should be declared, as a matter of law that plaintiff waived the giving of notice, and, second, that the absence from the policy of a provision for forfeiture for failing to give notice would preclude plaintiff from declaring a forfeiture on such ground.

There is evidence of a waiver of notice, but the evidence as a whole is conflicting and the triers of fact would be justified by substantial evidence in deciding that issue either way. We do not share the view defendant's counsel entertain respecting the meaning of plaintiff's letter to defendant, dated March 5, 1912, six months after Boardman's injury. The opening statement in that letter will bear the interpretation of an admission that the notice was given in time but is just as consistent with the contention of plaintiff that it was not given in time. On the facts, the whole case seems to turn on the weight to be accorded the stenographer's testimony, and the question of waiver, as well as that of whether or not the notice was mailed on or about September 4, 1911, involves issues of fact as to which the trial judge, in passing on the motion for a new trial, well might have concluded, as he did, that the weight of the evidence was on the side of plaintiff.

The second point, that the absence from the policy of a stipulation for a forfeiture, if immediate notice is not given, prevents plaintiff from interposing a defense predicated on the failure to give such notice in time, must be ruled against defendant. In Box Company v. Insurance Co., 170 Mo. App. 361, we applied the rule, which we found supported by the great weight of authority, that a provision for notice in an employers' liability policy is of the essence of the contract and that a breach of such provision by the assured will prevent a recovery under the policy, not on the ground of for-

feiture, but on the ground of nonperformance of a condition precedent, and we pointed out the consistency of this rule with the rule applied by the Supreme Court in Dezell v. Fidelity and Casuality Co., 176 Mo. 253. The defense of nonperformance of the stipulation for notice is available to plaintiff.

Obviously the trial court acted within the bounds of its discretion in granting a new trial on the ground that the verdict was against the weight of the evidence, and we are without power to interfere with that ruling.

The judgment is affirmed. All concur.