In T. & N. O Ry. Co. v. Kelly, 98 Tex. 137, 80 S. W. 79, the court approved a declaration of Justice Gaines in Railway v. Somers, 78 Tex. 442, 14 S. W. 780, which is as applicable to acts of negligence by employés, for which the employer is answerable, as to defects, and which is:

"Because a servant knows of one defect he does not take the risk of another of which he has no knowledge, and if both contribute to injure him, he is entitled to recover, provided but for the unknown defect the accident would not have happened."

[6] In this case, since the Court of Civil Appeals made no finding against the exist-ence of any fact essential to plaintiff's recovery, and since we do not approve the conclusions of law, on which alone that court based its judgment, it becomes our duty, under the settled practice in this court, to reverse the judgment of the Court of Civil Appeals and to affirm the judgment of the district court. Beck v. Texas Co., 105 Tex. 303, 148 S. W. 295; Tweed v. Tel. Co., 107 Tex. 247, 166 S. W. 696, 177 S. W. 957.

It is so ordered.

---

### HEFNER v. FIDELITY & CASUALTY CO. OF NEW YORK. (No. 2630.)

(Supreme Court of Texas. June 9, 1920.)

**1. Insurance ⊜⇒665(5)—Evidence showing disability resulting from accident was total, but not immediate.**

In an action by an attorney on an accident insurance policy for the indemnity provided therein for immediate, continuous, and total disability, evidence *held* to show that the disability of the insured resulting from the accident, while total within the meaning of the policy, was not immediate.

**2. Insurance ⊜⇒539(6)—Attributing insured's condition to disease, and not to accident, no excuse for delay in giving notice of loss.**

The fact that physicians, who attended a person accidentally injured, attributed his condition to disease, and not to the accident, does not excuse a failure to give the company notice of the accident as soon as reasonably possible, as required by the policy.

Certified Question from Court of Civil Appeals of Eighth Supreme Judicial District.

Action by T. J. Hefner against the Fidelity & Casualty Company of New York. Judgment for defendant was affirmed on appeal by the Court of Civil Appeals (160 S. W. 330). On certified question. Question answered.

Clay Cooke and J. W. Parker, both of Pecos, for plaintiff.

Neill & Armstrong, of El Paso, for defendant.

GREENWOOD, J. The Court of Civil Appeals has certified the question as to whether the trial court erred in giving a peremptory instruction for appellee.

We answer that there was no error in the action of the trial court, for the reasons given in the opinion on rehearing by Associate Justice Higgins.

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes