## ST. LOUIS ARCHITECTURAL IRON CO. v. NEW AMSTERDAM CASUALTY CO.*

### No. 8710.

Circuit Court of Appeals, Eighth Circuit.
April 28, 1930.

John P. Leahy, of St. Louis, Mo. (James J. O'Donohoe, of St. Louis, Mo., on the brief), for appellant.

Raymond J. Lahey, of St. Louis, Mo. (James C. Jones, Lon O. Hocker, Frank H. Sullivan, William O. Reeder, and James C. Jones, Jr., all of St. Louis, Mo., on the brief), for appellee.

Before BOOTH and GARDNER, Circuit Judges, and SANBORN, District Judge.

BOOTH, Circuit Judge.

This is an appeal from a judgment after verdict in favor of appellee, defendant

*Rehearing denied July 7, 1930.

below. The action was brought on a policy of indemnity insurance issued by appellee to appellant in the sum of $10,000, covering "loss from the liability imposed by law upon the assured for damages on account of bodily injuries accidentally suffered or alleged to have been suffered while this Policy is in force, including death resulting at any time therefrom, by any employe or employees of the Assured, except such as are excluded by Condition 'A' hereof, while at the places described in the Schedule, in and during the prosecution of the work described in said Schedule, including drivers of teams and their helpers wherever employed in the service of the Assured, subject to the following conditions." The period during which the policy was in force was from October 11, 1922, to October 11, 1923.

May 3, 1923, George Timmerman, while in the employ of appellant, sustained personal injuries. He brought suit against appellant in the state court and recovered a verdict and judgment for $15,000, which with interest and costs amounted to $18,126. This sum was paid by appellant. The appellee refusing to make payment under the indemnity policy, the present action was brought.

The defense set up by appellee in its answer was that it was not liable under the policy by reason of nonfulfillment by appellant of condition B contained in the policy, and which read as follows:

"Condition B. Upon the occurrence of an accident the Assured shall give immediate written notice thereof with the fullest information obtainable at the time, to the Executive Office of the Company in New York City or Baltimore, Md., or to its duly authorized agent. If a claim is made on account of such accident the Assured shall give like notice thereof with full particulars. The Assured shall at all times render to the Company all co-operation and assistance in his power."

The appellee also alleged in its answer that, in the action brought by Timmerman against appellant, the appellee had assumed the defense at the request of appellant, but with the written agreement with appellant that by so doing appellee should not be considered to have waived its right to assert in any action brought against it on the indemnity policy that there was no liability on the part of appellee thereunder, because of the failure of appellant to give immediate written notice to appellee of the accident and injuries.

Appellant in its reply alleged that appellee by taking full charge of the defense of the action brought in the state court by Timmerman, and by preventing appellant from interfering with any negotiations for settlement of the Timmerman case, and by preventing appellant from having its own counsel take part in the trial of said case, had waived its right, if such right existed, to insist on the defense of nonfulfillment of condition B; and also waived any rights its might have under the nonwaiver agreement.

On the trial, the main issue of fact was as to the time within which the notice of the accident was sent to appellee. There was evidence tending to show that the notice was mailed to appellee by Zeis, foreman of appellant, under whom Timmerman worked, within ten days or two weeks after the date of the accident. There was also evidence tending to show that no notice of the accident was received by appellee until September 5, 1923—some four months after the accident—when the report made by Zeis was received through the mail. No proof was offered as to the allegations of the reply, other than that appellee took and retained charge of the defense of the Timmerman action until after entry of judgment therein.

On this state of the evidence the court instructed the jury as follows:

"Now, the policy contained certain provisions, and we are not concerned with more than one of them, as I see it, and that one provision is the gist and crux of this case, and so I will read it to you. The policy contained this provision: 'Upon the occurrence of an accident, the assured shall give immediate written notice thereof, with the fullest information obtainable at the time to the executive office of the Company in New York City or Baltimore, Maryland, or to its duly authorized agent.' It was the duty, thus you see, of this plaintiff to give notice of this accident. * * *

"The question, and the sole question here, seems to be the time in which the notice was sent. It was incumbent, I think I said, upon the plaintiff to observe this condition of the policy, and you have to decide in this case whether it did or whether it did not comply with this provision in the policy, and I direct your attention to that and state to

you that it is the question concerning which your deliberations will no doubt surround, and it is the question that you will have to decide in this case, as to whether or not the plaintiff has complied with this provision of the policy, and with reference to that, the Court will instruct you in the language of some instructions which the counsel have submitted to the Court.

"The Court charges you that the words 'immediate written notice,' as used in the policy in evidence, mean notice given within a reasonable time, having in view all the circumstances of the case. * * *

" * * * If the jury believe and find from the evidence that the plaintiff did not give written notice to the defendant of the accident and injuries sustained by the said George Timmerman until on or about the fifth day of September, 1923, then the Court instructs you that plaintiff is not entitled to recover, and your verdict must be for the defendant."

The jury returned a verdict for the defendant, appellee here.

The main points raised by the assignments of error and relied upon in this court relate to the charges of the court above quoted, and to the refusal to give the following requested charge, viz.:

"The Court, at the request of plaintiff, charges you that in arriving at your verdict you should not take into consideration whether or not plaintiff gave defendant notice of injuries to George Timmerman, but you should disregard the same."

█ One contention of appellant is that the liability of the appellee under the indemnity insurance policy was not affected by the failure to give immediate written notice of the accident in accordance with condition B, because there was no provision of forfeiture in the policy for failure to give the notice. We are of opinion, however, that such a forfeiture provision is not necessary where, as in the case at bar, the language of the contract between the parties plainly makes the giving of the notice of the accident a condition precedent to liability on the part of the insurance company.

The case of National Paper Box Co. v. Insurance Co., 170 Mo. App. 361, 156 S. W. 740, involved facts similar in substance to the case at bar. The provision for notice was held to be a condition precedent to liability under the policy.

In U. S. Fid. & Guar. Co. v. Carmichael Co., 195 Mo. App. 93, 190 S. W. 648, which involved an action for unpaid premiums on two policies of indemnity insurance, defendant had refused to pay the premiums for the alleged reason that the company had refused to defend a certain suit covered by the policy, and set up a counterclaim for the amount paid on account of the suit. Plaintiff claimed that the provision in regard to notice (similar to that in the case at bar) was not complied with, and that therefore defendant had lost its right to be indemnified. Defendant contended that it had not lost such right, as there was no provision in the policy for forfeiture. The court said (page 97 of 195 Mo. App., 190 S. W. 648, 649):

"The second point, that the absence from the policy of a stipulation for a forfeiture, if immediate notice is not given, prevents plaintiff from interposing a defense predicated on the failure to give such notice in time, must be ruled against defendant. In Box Company v. Insurance Co., 170 Mo. App. 361, 156 S. W. 740, we applied the rule, which we found supported by the great weight of authority, that a provision for notice in an employer's liability policy is of the essence of the contract, and that a breach of such provision by the assured will prevent a recovery under the policy, not on the ground of forfeiture, but on the ground of nonperformance of a condition precedent."

In Metropolitan Cas. Ins. Co. v. Johnston (C. C. A.) 247 F. 65, involving an accident insurance policy which contained a provision for notice reading as follows: "Written notice must be given the company * * * of any accident or injury for which a claim is to be made, * * * within twenty-one days from the date of the accident or injury, unless the giving of such notice within such time shall not be reasonably possible, in which event such notice must be so given as soon as reasonably possible," the court said (page 67 of 247 F.):

"In inserting this provision in the policy of insurance, it is evident the insurer considered it a substantial feature of the contract and intended that its liability for indemnities should be conditioned upon compliance with it. The law views such provisions as reasonable means to be employed by insurance companies in protecting themselves against fraudulent claims, and requires that they be complied with in the man-

ner and within the time agreed upon as a condition precedent to an action on the policy."

In Underwood Veneer Co. v. London Guar. & Acc. Co., 100 Wis. 378, 75 N. W. 996, pages 997, 998, involving a policy of indemnity insurance containing a provision for notice similar to the one in the case at bar, the court said:

"After careful consideration, we are constrained to hold that the conditions indorsed upon the policy, and quoted above, were conditions precedent. The policy expressly states that it was 'subject to the agreements and conditions indorsed' thereon. Such conditions expressly required the plaintiff, 'upon the occurrence of an accident,' to 'give immediate notice in writing of such accident,' etc. The reason for requiring such notice is obvious. * * * True, there is no forfeiture clause in the contract. Nevertheless the plaintiff, in order to maintain this action, was bound to perform such condition precedent."

In Oakland Motor Car Co. v. American Fid. Co., 190 Mich. 74, 155 N. W. 729, page 733, involving a policy of indemnity insurance which contained a provision as to notice similar to the one in the case at bar, the court said:

"Contracts of insurance against the consequences of the insured's negligence are, as a rule, limited, and but partial. Conditions for notice of the event insured against similar to those under consideration are common in policies for most kinds of insurance. They are nothing new or misleading. Such stipulations, when contained in the policy, are recognized as valid, and must be complied with before recovery can be had, if within the power of the insured. Plaintiff's right to indemnity flows from this policy, constituting the written agreement between the parties which they voluntarily entered into and of which these conditions form a part. Failure by plaintiff to observe the condition precedent of this executory contract was failure to perform the contract on its part."

In Commercial Cas. Ins. Co. v. Fruin-Colnon Contracting Co., 32 F.(2d) 425 (C. C. A. 8), involving a policy of indemnity insurance which contained a provision for notice similar to the one in the case at bar, the casualty company asserted that failure to give the specified notice constituted a breach of a condition precedent to liability under the policy. This was not disputed by the contracting company, and the court in its opinion proceeded on that assumption. But the contentions of the contracting company were (1) that it did not itself know of the accident at the time it occurred, and (2) that the casualty company had waived its right to insist upon the defense of failure by the Fruin-Colnon Contracting Company to give the required notice. See, to the same effect, Travelers' Ins. Co. v. Nax (C. C. A.) 142 F. 653, 657, 658; Callen v. Mass. Protec. Ass'n, 24 F.(2d) 694 (C. C. A. 8); London Guar. & Acc. Co. v. Siwy, 35 Ind. App. 340, 66 N. E. 481; Peeler v. U. S. Cas. Co., 197 N. C. 286, 148 S. E. 261.

[2] Another contention of appellant is that failure to give the specified notice does not affect the liability of the casualty company unless such failure has prejudiced the rights of the casualty company. We think that, where by the contract between the parties the giving of the specified notice is a condition precedent to liability, a showing by the casualty company of prejudice to its rights is not necessary to its defense.

In Whalen v. Western Assur. Co. (C. C. A.) 185 F. 490, page 492, involving an insurance policy on a vessel, which provided for prompt notice in case of disaster, the court said:

"The clause above quoted requires prompt notice of any disaster to be given to the assurers, presumably that they may have an opportunity promptly to investigate or to render assistance. It is plainly expressed in unambiguous language, is part of the contract which both sides expressly agreed to, and may not be construed so as to eliminate it upon any speculation as to whether the assurers might have been able to accomplish anything if prompt notice had been given to them."

In Sherwood Ice Co. v. U. S. Cas. Co., 40 R. I. 268, page 280, 100 A. 572, 576, involving a policy of liability insurance, the same contention was made. The court after reviewing numerous authorities said:

"We * * * are of the opinion, therefore, that the claim of the plaintiff that its breach of the condition to give immediate notice of the accident will not bar its right to recover under the policy, it not appearing that the defendant was prejudiced by the delay, is not well founded."

In Phoenix Cotton Oil Co. v. Royal Ind. Co., 140 Tenn. 438, 205 S. W. 128, page

130, involving a policy of indemnity insurance, the court said:

"Nor is complainant relieved of the legal effect of the failure to give notice by the allegations of the bill to the effect that the Royal Indemnity Company was not injured by the delay. At most, it is a matter about which opinions may differ, as to whether any injury was really caused by the delay under the facts stated; but the inquiry is irrelevant; for if the giving of notice was a condition precedent to the right of recovery, the failure to give it prevented any liability from attaching."

In Jefferson Realty Co. v. Employers' Liability Assur. Corp., 149 Ky. 741, 149 S. W. 1011, 1014, involving a policy of liability insurance, the court said:

"But in our opinion it is wholly immaterial whether or not the appellee company was prejudiced by the unreasonable delay. If it could have been shown that it had been benefited, this fact would not affect the question. A reasonable compliance with the conditions of the contract relating to notice is indispensable to fix liability. These conditions are a material and important part of the contract, and should not be deliberately set aside as of no moment."

We may close the discussion on both of the foregoing contentions by repeating the oft-quoted remarks of the court in Imperial Fire Ins. Co. v. Coos County, 151 U. S. 452, 462, 14 S. Ct. 379, 381, 38 L. Ed. 231:

"Contracts of insurance are contracts of indemnity upon the terms and conditions specified in the policy or policies embodying the agreement of the parties. For a comparatively small consideration the insurer undertakes to guaranty the insured against loss or damage, upon the terms and conditions agreed upon, and upon no other, and, when called upon to pay in case of loss, the insurer, therefore, may justly insist upon the fulfillment of these terms. If the insured cannot bring himself within the conditions of the policy, he is not entitled to recover for the loss. The terms of the policy constitute the measure of the insurer's liability, and, in order to recover, the assured must show himself within those terms; and, if it appears that the contract has been terminated by the violation on the part of the assured of its conditions, then there can be no right of recovery. The compliance of the assured with the terms of the contract is a condition precedent to the right of recovery. If the assured has violated or failed to perform the conditions of the contract and such violation or want of performance has not been waived by the insurer, then the assured cannot recover. It is immaterial to consider the reasons for the conditions or provisions on which the contract is made to terminate, or any other provision of the policy which has been accepted and agreed upon. It is enough that the parties have made certain terms conditions on which their contract shall continue or terminate. The courts may not make a contract for the parties. Their function and duty consist simply in enforcing and carrying out the one actually made."

Another contention of appellant is that the court erred in charging the jury that, if notice of the accident was not given to the casualty company until September 5th (the accident having happened on May 3rd), there could be no recovery. We think this contention is without merit. The court charged that "immediate" notice meant within a reasonable time in view of all the circumstances. There were no circumstances shown excusing the delay. The court was therefore right in holding as a matter of law that immediate notice had not been given. See Travelers Ins. Co. v. Nax, supra; Oakland Motor Car Co. v. American Fid. Co., supra; Smith, etc., Co. v. Travelers' Ins. Co., 171 Mass. 357, 50 N. E. 516; Rooney v. Maryland Cas. Co., 184 Mass. 26, 67 N. E. 882; Burnham v. Royal Ins. Co., 75 Mo. App. 394; Foster v. Fidelity & Cas. Co., 99 Wis. 447, 75 N. W. 69, 40 L. R. A. 833.

The contention made in the trial court that the casualty company, by assuming the defense of the Timmerman case, had waived its right to set up as a defense in the present case failure to give the specified notice of the accident, has apparently been abandoned in this court, as it is not argued in appellant's brief. However, we think the contention is without merit, in view of the repeated reservation of its rights by the casualty company in undertaking the said defense, as shown clearly by the evidence in the case at bar. Commercial Cas. Ins. Co. v. Fruin-Colnon Contracting Co., supra; Basta v. U. S. Fid. & Guar. Co., 107 Conn. 446, 140 A. 816; Weiss v. N. J., etc., Ins. Co., 131 Misc. Rep. 836, 228 N. Y. S. 314, 320; Hermance v. Globe Ind. Co., 221 App. Div. 394, 223 N. Y. S. 93, 98.

We find no error in the proceedings in the trial court, and the judgment is accordingly affirmed.