**DUNN v. TRAVELERS INDEMNITY CO. et al.**

**No. 9825.**

Circuit Court of Appeals, Fifth Circuit.

Nov. 25, 1941.

for the reason that the insured had failed to give notice to the company as required by the insurance contract. The question before us on appeal is whether the evidence justified the trial court in concluding, as a matter of law, that notice of the accident was given to the insurer too late to fix any liability arising therefrom upon it.

Don Williams was injured in Joice, Iowa, on October 2, 1938. He was engaged in unloading pipe from a truck belonging to C. Hobson Dunn, the appellant. Williams was an employee of the Standard Asbestos Manufacturing & Insulating Company, which was in exclusive control of the unloading. Each section of the pipe was 16 inches in diameter and weighed approximately 2,000 pounds. It was unloaded by rolling each section from the bed of the truck down skips to the racks of the Asbestos Company. At the time of the accident, Bill Keahey, appellant's employee who drove the truck, was standing on the bed of the truck, and Williams and another employee of the Asbestos Company were transferring the pipe. One of the skips was pulled out of position as a section of pipe was moved over it; Williams stooped to replace the skip as another section rolled off the truck. It struck Williams, knocked him against the skip, and pinned him there, injuring him.

No notice of this accident was given to the appellee until July 30, 1940. The insurance policy provided that notice of the occurrence of any accident had to be given to the company as soon as practicable as a condition precedent to the maintenance of an action thereon. The communication of notice twenty-two months after the accident occurred was not "as soon as practicable" unless, after a full investigation of the attendant facts and circumstances, an ordinarily prudent and reasonable man would not have believed that the occurrence might give rise to a claim against the appellant.[1] Recognizing these principles, appellant contends that the evidence in this case made out an issue for determination by the jury as to whether his delay in giving the notice excused the insurer from liability under the policy.

H. H. McAfee was appellant's representative in charge of his affairs in Joice. He

Ralph W. Malone and Curtis White, both of Dallas, Tex., for appellant.

Pinkney Grissom and Wm. M. Cramer, both of Dallas, Tex., for appellees.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

The Travelers Indemnity Company, proceeding under the Declaratory Judgment Act, 28 U.S.C.A. § 400, secured a judgment in the court below holding that it was discharged from responsibility to defend any suit, or pay any judgment, arising out of a certain accident involving its insured,

[1] Hefner v. Fidelity & Casualty Co. of New York, 110 Tex. 596, 222 S.W. 966; Id., Tex.Civ.App., 160 S.W. 330; Texas Glass & Paint Co. v. Fidelity & Deposit Co., Tex.Civ.App., 226 S.W. 811; Overland Sales Co. v. American Indemnity Co., Tex.Civ.App., 256 S.W. 980.

reached the scene of the accident shortly after it occurred, and promptly made inquiry designed to determine the effect of the occurrence upon his employer. He interviewed three of the four men who, except for Williams, had been the only eyewitnesses to the mishap, and each of them said that appellant's employee and equipment had not participated in the occurrence in any way. McAfee then discussed the matter with executives of the Standard Asbestos Manufacturing & Insulating Company, who told him that they would report the matter to their insurance company and that McAfee and his company need have no further concern about it. On these assurances McAfee concluded then, and appellant contends now, that it was not necessary for notice of the accident to be communicated to the insurer. Williams, who had been removed immediately to a hospital, was never interrogated with reference to the accident, nor was any effort ever made to determine his attitude and intention in regard thereto until he made them known by demanding damages from the appellant.

Such insurance contracts place an insured in this position: Whether his investigation reveals that a claim is or is not likely to be made, he may place the onus of either contingency upon the insurer by giving it notice of the occurrence promptly. Appreciative of the fairness of these provisions, the Texas courts have held the contract breached unless the decision against giving notice is reasonable and prudent, and is reached after a full investigation of all the surrounding facts and circumstances.[2] The views and opinions of third persons who were witnesses to the occurrence, though important, were not sufficient under the facts of this case to justify the failure to give notice. No effort was made to interview the injured party, or to discover upon whom he placed the blame for the accident or what he thought the facts to be. He was the only prospective claimant; with him alone rested the decision to sue or not to sue; he was an eyewitness to the affair, and might

have seen more, or from a different view, than any of the other witnesses. Surely the exercise of ordinary prudence required an investigation as to what this man intended to do or claimed with reference to the accident.

There is no evidence to indicate that Williams was not readily available for interview, or that he was unable or unwilling to discuss the matter with appellant's representative. Nor is it made to appear that his understanding of the facts in the case ever varied from those he alleged in his court action. Had he been questioned, presumably appellant would have been as fully informed then as he was when notice finally was communicated approximately twenty-two months thereafter. The failure to extend the investigation to include this witness rendered the inquiry made so incomplete that no decision based on it could be acceptable to the reasonable and prudent man.[3] The failure to give notice breached the policy and precluded indemnity thereon.[4]

Affirmed.

---

[2] Travelers' Insurance Company v. Scott, Tex.Civ.App., 218 S.W. 53; Texas Glass & Paint Co. v. Fidelity & Deposit Co., supra.

[3] Cf. Travelers' Insurance Company v. Scott, supra; Texas Glass & Paint Co. v. Fidelity & Deposit Co., supra.

[4] Imperial Fire Ins. Co. v. County of Coos, 151 U.S. 452, 14 S.Ct. 379, 38 L.Ed. 231; United States F. & G. Co. v. W. P. Carmichael Co., 195 Mo.App. 93, 190 S.W. 648; Delaware Underwriters & Westchester Fire Insurance Co. v. Brock, 109 Tex. 425, 211 S.W. 779; Travelers' Insurance Co. v. Scott, supra; Commercial Union Assurance Company, Ltd., v. Preston, 115 Tex. 351, 282 S.W. 563, 45 A.L.R. 1016.