## LeSAGE v. UTILITIES INS. CO. et al.
### No. 10183.

Circuit Court of Appeals, Fifth Circuit.

Nov. 21, 1942.

C. F. Marshall, of Graham, Tex., and Emil Corenbleth, of Dallas, Tex., for appellant.

Robert B. Holland and Hobert Price, both of Dallas, Tex., for appellees.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This is an action by R. S. LeSage, an insured, to enforce indemnity against his insurers with respect to judgment liabilities incurred by him arising out of an automobile collision. The court below directed a verdict for the defendants on the ground that notice of the accident was not communicated to the insurers within the time fixed by the policy as a condition precedent to indemnity thereunder, and from the judgment entered upon that verdict this appeal was brought. A reversal is sought on three grounds: (1) That, under the facts of the case, whether or not the notice was timely was a question for determination by the jury; (2) that the requirement of notice in the policy was void by reason of conflict with Article 5546 of the Revised Civil Statutes of Texas; and (3) that if the question of timeliness of the notice was a question of law, the court decided it erroneously.

On June 12, 1936, one of appellant's employees was driving an automobile belonging to appellant along a paved highway in Texas. While proceeding at a low rate of speed, the car collided with the rear of an automobile that was stopped on the highway. The impact was sufficient to force the latter car off the road. The front fender, headlight, and grillwork of the Le-

Sage car were damaged, and the spare tire rack of the other car was bent out of position; the evidence is in dispute as to whether any personal injuries apparently resulted to the occupants of the car.

The employee stopped his car to ascertain the extent of the damage to the automobiles, and he also asked the occupants of the other car concerning any personal injuries they might have sustained. He then returned to his place of business, and informed appellant's manager of the accident, advising him that no one was injured. No further investigation was made, and no report of the occurrence was given to the insurers until June, 1938, when the first suit for damages was filed.

Paragraph A(1) of the indemnity contract required the insured, upon the occurrence of any accident covered by the policy, to give the insurer immediate notice thereof with the fullest information obtainable, irrespective of whether any personal injury or property damage was apparent at the time. Paragraph L provided that, unless the insured complied with all the terms and conditions of the policy, no action should lie against the insurer to recover for loss or expense resulting from claims upon the assured for damages.

Article 5546 of the Revised Civil Statutes of Texas provides:

"No stipulation in a contract requiring notice to be given of a claim for damages as a condition precedent to the right to sue thereon shall ever be valid unless such stipulation is reasonable. Any such stipulation fixing the time within which such notice shall be given at a less period than ninety days shall be void."

The courts of Texas have construed the requirement of "immediate" notice in similar contracts to mean notice within a reasonable time.[1] We cannot say that such a requirement is unreasonable, or that it fixes a period of less than ninety days for the giving of notice.

Since the provisions of the policy relating to notice were valid, it is manifest that appellant's first and third contentions are without merit. The evidence makes it plain that the collision was a serious affair, involving property damage to both vehicles and at least sufficient impact to jolt the occupants severely. That personal injuries, too, actually were sustained is evidenced by the judgments against which indemnity is sought. Notice communicated more than two years after this accident was so flagrantly violative of the provisions of the policy that the court was warranted in holding, as a matter of law, that the contract was breached by the insured.[2]

The judgment is affirmed.

---

[1] Standard Acc. Ins. Co. v. Alexander, 5 Cir., 103 F.2d 500; Dallas Opera House Ass'n v. Dallas Enterprises, Inc., Tex.Com.App., 298 S.W. 397; General Acc. Fire & Life Assur. Corp. v. Butler's Ice Cream Factory, Tex.Com.App., 5 S.W.2d 976; Commercial Standard Ins. Co. v. Harper, 129 Tex. 249, 103 S.W.2d 143, 110 A.L.R. 529.

[2] Dunn v. Travelers Indemnity Co., 5 Cir., 123 F.2d 710.