EDMUND W. COWELL v. EMPLOYERS INDEMNITY CORPORATION, Garnishee of DANIEL PUPILLO, Appellant.—34 S. W. (2d) 705.

Division Two, December 20, 1930.

1104

*Taylor, Chasnoff & Willson* and *Hugo Monnig, Jr.,* for appellant.

*Arthur Stahl, Eugene Andrews* and *James J. O'Donohoe* for respondent.

COOLEY, C.—This is a garnishment proceeding in which plaintiff recovered judgment for $7,998.33 against the garnishee, Employers Indemnity Corporation, from which the latter appealed.

In February, 1917, the Western Indemnity Company of Dallas, Texas, issued to Daniel Pupillo an automobile indemnity insurance policy insuring him for a period of one year against loss by reason of liability on account of personal injury done to others through the ownership and use of a certain Ford automobile truck described in the policy, the amount of liability for one person being limited to $5,000. Pupillo struck and injured plaintiff with his truck. Plaintiff sued, and in June, 1918, recovered judgment against Pupillo for $7500 on account of said injuries. That judgment was revived in 1927, whereupon execution was sued out and the present defendant, which had taken over the assets and assumed the liabilities of the Western Indemnity Company, was summoned as garnishee. Plaintiff filed interrogatories, which the garnishee answered under oath. Plaintiff then filed a denial of the garnishee's answer, and to such denial the garnishee filed reply, as provided by Section 1864, Revised Statutes 1919. Since the issues to be tried in this proceeding are presented by plaintiff's said denial and the garnishee's reply thereto (Section 1864, supra) we need not further note the interrogatories and the garnishee's answer thereto.

The pleadings on both sides are long, especially plaintiff's. In his denial he pleads *in extenso* the facts upon which he relies for recovery. He pleads the issuance to Pupillo of the policy of insurance by Western Indemnity Company; that while said policy was in force he was injured by being struck by the truck therein described while same was being operated by Pupillo, within the coverage of the policy; that he brought suit in the Circuit Court of the City of St. Louis to recover for the injuries so sustained and recovered judgment for $7500 against Pupillo, the suit and the resulting judgment being fully described; that insured had complied with and performed all provisions of the policy on his part; that no appeal was taken from the judgment; the revivor of the judgment; that Western Indemnity Company thereby became liable for $5,000 of the judgment, which was the amount of the policy for injuries to

one person; that when his said suit was filed Western Indemnity Company assumed the defense thereof for Pupillo, as it agreed by the policy to do, filing answer for Pupillo and continuing in the defense until shortly before the trial, when it wrongfully and without notice to Pupillo withdrew from the defense; that about March, 1921, the garnishee, Employers Indemnity Corporation, by contract, in consideration of all the assets of every kind of Western Indemnity Company, assumed all liabilities of the latter, including the liability under the policy issued by the latter to Pupillo. Judgment was prayed for the $5,000, plus interest thereon from date of rendition of the judgment in the suit against Pupillo, plus costs of that suit.

In plaintiff's said denial the policy issued by Western Indemnity Company to Pupillo is referred to as policy No. A19429, "which is herewith filed, marked 'Exhibit A' and made a part hereof as much so as if fully set forth herein," and it is alleged:

". . . .; that by the terms of said policy, in consideration of the premiums stated in said policy, Western Indemnity Company of Dallas, Texas, promised and agreed, amongst other things, the following:

"(1) To unconditionally indemnify Daniel Pupillo against loss by reason of the liability imposed by law upon Daniel Pupillo for damages on account of bodily injuries accidentally suffered or alleged to have been suffered while said policy is in force by any person or persons by reason of the ownership, maintenance or use of Ford truck motor number 1561638, year built, 1917, gasoline power, which said truck is enumerated and described in item number 5 of the schedule of statements, forming part of said policy and while being used for private pleasure or delivery purposes within the limits of the United States or Canada; that the liability of Western Indemnity Company of Dallas, Texas, from loss resulting in bodily injuries to or in the death of one person is limited by said policy to five thousand dollars, and interest thereon, and subject to the same limit for each person, the total liability of Western Indemnity Company of Dallas, Texas, for loss from any one accident resulting in bodily injuries to or in the death of more than one person is limited to ten thousand dollars, regardless of the number of persons injured.

"(2) To defend in the name and on behalf of Daniel Pupillo any suits, even if groundless, brought against Daniel Pupillo to recover damages on account of bodily injuries to any person or persons by reason of the ownership, maintenance or use of the automobile above described.

"(3) To pay, irrespective of the limits of liability as aforesaid, all costs taxed against Daniel Pupillo in any legal proceeding defended by the company, and all interest accruing after entry of

judgment upon such part thereof, as shall not be in excess of said liability.

"(4) Western Indemnity Company reserves the right to settle any claim or suit, and prohibits Daniel Pupillo from voluntarily assuming liability, interfering in any negotiations or legal proceedings conducted by Western Indemnity Company of Dallas, Texas, on account of any claim; and prohibits Daniel Pupillo, too, from settling any claim or incurring any other expense except at his own cost and with the written consent of Western Indemnity Company of Dallas, Texas, previously given."

The part of the garnishee's reply pertinent to the issues on this appeal are as follows:

"Comes now Employers Indemnity Corporation, garnishee herein, by leave of court, and for its reply to plaintiff's denial of garnishee's answer, denies each and every allegation in said denial contained.

"Further replying, garnishee states that *by the terms of the policy mentioned in plaintiff's denial, Western Indemnity Company agreed* only to indemnify the assured named therein against loss by reason of the liability imposed by law upon the assured for damages on account of bodily injuries by reason of the ownership, maintenance or use of the automobile mentioned in said policy; that *said policy is a policy of indemnity* not against the liability imposed by law, but only against loss by reason of the liability imposed by law. *Said policy further contains a provision that* no action shall lie against Western Indemnity Company to recover under any of the agreements therein contained, unless brought by the assured therein mentioned personally to recover money actually expended by him in satisfaction of claim or liability imposed by due process of law resulting from injuries actually caused by reason of the ownership, maintenance and use of the automobile mentioned in the policy, and that in no event shall any such action lie until after a judgment by a court of last resort against the assured shall have been paid and satisfied.

"Further replying, garnishee states that the *judgment mentioned in plaintiff's denial, recovered by plaintiff against Daniel Pupillo* in the Circuit Court of the City of St. Louis, Missouri, has not been paid nor satisfied, and that *by reason thereon* (thereof?) no liability exists *under the terms of said policy.*

"Further replying, garnishee states that the Circuit Court of the City of St. Louis, Missouri, is not a court of last resort and that no appeal was taken from the judgment recovered by plaintiff against Daniel Pupillo in the Circuit Court of the City of St. Louis, Missouri; that there is no judgment against Daniel Pupillo in favor of plain-

tiff by a court of last resort, *as provided under the terms of said policy.*

"Garnishee further states that *said policy provided* that whenever requested by Western Indemnity Company the assured mentioned therein shall aid in effecting settlements, securing information and evidence, the attendance of witnesses and prosecuting appeals and shall at all times render to Western Indemnity Company all co-operation and assistance within the assured's power. Garnishee states that *Daniel Pupillo breached the terms of said policy* in that he failed to give to Western Indemnity Company all the information and evidence concerning the accident mentioned in plaintiff's denial within his knowledge and failed to render to Western Indemnity Company all co-operation and assistance with reference thereto within his power, but on the contrary did represent to Western Indemnity Company a false and untrue set of facts respecting *said accident* in this, that the said Daniel Pupillo represented that at the time of said accident the *automobile mentioned in said policy* was not being driven by him or by anybody in his behalf and with his knowledge and consent, but on the contrary *said automobile,* at the time of said accident, was stolen and was being operated by some person unknown to the said Daniel Pupillo; that just prior to the trial of the cause of plaintiff against said Daniel Pupillo, said Daniel Pupillo informed Western Indemnity Company that at the time of said accident he, the said Daniel Pupillo, was operating *the automobile involved therein; that by reason of the breach of said policy of insurance, as aforesaid,* no liability existed by virtue of said policy, and said Western Indemnity Company withdrew from the defense of said suit against Daniel Pupillo, and that said Western Indemnity Company in withdrawing, as aforesaid, *did so solely because of said breach of the policy* on the part of Daniel Pupillo, and that in so withdrawing said Western Indemnity Company waived none of its rights under said policy. Said Western Indemnity Company notified said Daniel Pupillo of its withdrawal as aforesaid in time for the said Daniel Pupillo to secure other counsel to represent him *at the trial of said cause.*" (Italics ours.)

Plaintiff filed a reply to garnishee's reply in which he re-asserted that Western Indemnity Company had by its policy contract agreed to defend any suit brought against Pupillo and reserved the right to control the defense and prohibited Pupillo from settling the case; that said company refused to continue the defense after having undertaken it and refused to appeal from the judgment, and plaintiff also denied that Pupillo had made any false statement to Western Indemnity Company or failed to furnish it all assistance within his power in connection with the defense of his case.

The evidence was nearly all documentary. Plaintiff introduced the record of the proceedings in the circuit court resulting in the judgment, including the pleadings and judgment in that case; the proceedings reviving the judgment; the policy in question; and the contract between Western Indemnity Company and garnishee whereby the latter took over the assets and assumed the liabilities of the former. It was formally admitted that no appeal was taken from the judgment against Pupillo and that the judgment had not been paid. In addition, Pupillo was called as a witness by plaintiff and testified that the policy was issued to him, that the truck therein described was his and the only truck he then owned, but when asked if that was the truck that struck plaintiff, said he did not remember striking plaintiff. He was not cross-examined.

At the close of plaintiff's evidence garnishee requested an instruction directing a verdict in its favor, which the court refused, and the garnishee stood upon its demurrer, declining to introduce evidence. The court then at plaintiff's request directed the jury to return a verdict for plaintiff for $5,000 with interest thereon at six per cent per annum from June 7, 1918 (the date of the judgment against Pupillo), which was done, the aggregate amount of the verdict being $7998.33.

Appellant assigns error in three things, viz., (1) that plaintiff failed to make a prima-facie case under the insuring clause of the policy, because his evidence did not show "a risk and cause of loss insured against;" (2) that the court's action directing a verdict for plaintiff erroneously deprived appellant of its right to have the jury pass upon the oral evidence; (3) that the court erred in admitting in evidence the policy issued by Western Indemnity Company to Pupillo without proof of "the execution thereof by the persons purporting to sign the same," or of their authority so to act for said company.

I. Appellant's third assignment of error cannot be sustained.  There was no objection to the introduction in evidence of the policy on the ground that it was not shown to have been executed and issued by the Western Indemnity Company, and garnishee's pleading amounts to an admission that it had been executed and issued by that company.

When the policy was offered in evidence the only objection offered was that it had not been properly identified. That objection is not urged here and could not be successfully urged because the policy was sufficiently identified as the one referred to in plaintiff's denial to justify its admission as against that objection, even if that fact had not been admitted by appellant's pleading, as we think it in

effect was. The objection that the policy was not properly identified is not equivalent to the objection now urged that its execution had not been shown. Besides, as stated, appellant's pleading amounts to an admission of its execution. In its reply appellant pleads that "by the terms of the policy mentioned in plaintiff's denial Western Indemnity Company agreed," etc.; that "said policy is a policy of indemnity," etc.; that "said policy further contains a provision," etc. Other similar references to the policy occur in the reply (see italicized portions of reply above quoted), all referring to the policy as an operative contract of the Western Indemnity Company, which it could not be if it had not been executed, and assigning reasons why there was no liability under it, none of which suggest that it had not been duly executed and issued.

It is true that the reply begins with a general denial. But "the plea of general denial does not raise an issue where it is followed by a special plea of confession and avoidance." [State ex inf. v. Delmar Jockey Club, 200 Mo. 34, 65, 92 S. W. 185, and cases cited. See also Holt v. Hanley, 245 Mo. 352, 149 S. W. 1; Howey v. Howey (Mo.), 240 S. W. 450, 451; Ornellas v. Moynihan (Mo. App.), 16 S. W. (2d) 1007.] In State ex inf. v. Delmar Jockey Club, supra, the court quotes approvingly from Price v. Mining Co., 83 Mo. App. l. c. 474, as follows:

"It is a rule of pleading that a general denial is overcome by a subsequent confession and attempted avoidance. [McCord v. Railroad, 21 Mo. App. 95.] It is a further rule that where a pleading is ambiguous it is to be taken most strongly in its interpretation against the pleader. The defenses pleaded by the answer are clearly inconsistent and should have been stricken out in the court below (Darrett v. Donnelly, 38 Mo. 493, and Adams v. Trigg, 37 Mo. 142); but as they were allowed to stand without objection we must now regard the first, the denial, as overcome by that of the subsequent confession and avoidance."

Under the rule announced in the above cited cases, appellant's reply must be construed as admitting the execution of the policy.

II. For like reasons the reply amounts to an admission of the facts which appellant claims in its first assignment of error were not proved. That assignment is based upon the contention that plaintiff "failed to make a prima-facie case under the insuring clause of the policy and failed to introduce evidence tending to show a risk and cause of loss insured against," because (a) there was no evidence that the person injured was not in the employment of the insured at the time of the accident, or (b) that the insured automo-

bile was being used for the purposes defined in the policy, or (c) that the insured automobile was the same automobile involved in the accident. Those facts are fully alleged in plaintiff's denial and the general denial with which appellant's reply begins, standing alone, would join issue thereon. But in this respect, as in regard to the execution of the policy, we think the general denial is waived or overcome by the special plea that follows it and which is inconsistent therewith.

The insuring clause of the policy as pleaded by plaintiff does not relieve insurer from liability for injuries to persons in the employ of the insured. As pleaded and as written in the policy it applies to injuries suffered "by any person or persons." There was an endorsement attached to the policy when issued by which it is provided that "the words 'by any person or persons' appearing in Section one (1) of the insuring clause of this policy are hereby amended to read 'by any person or persons not employed by the insured,'" by virtue of which appellant now insists the insuring clause must be construed as though it originally contained said exception and that the burden rested on plaintiff as part of his case to prove that he was not employed by assured and was therefore within the class to which the policy applied.

In its reply appellant refers to the policy mentioned in plaintiff's denial and, as we have held above, in effect admits the execution and issuance of the policy. As pleaded by plaintiff the policy does not contain the exception or amendment now urged by appellant. Appellant says nothing in its reply about such amendment, nor anything indicating an intention to deny that plaintiff had correctly pleaded the insuring clause. It then proceeds to allege affirmative reasons *because of which* it asserts non-liability, viz., that the judgment obtained against Pupillo had not been paid by him, that it was not a judgment of a court of last resort, and that Pupillo had violated the terms of the policy by falsely claiming at first that the "automobile mentioned in said policy" was not being driven by him at the time of "said accident." It further alleges that Western Indemnity Company, after having assumed the defense of the suit against Pupillo, withdrew therefrom *solely because of said alleged breach of the policy* by Pupillo. There is a further plea in appellant's reply, viz., a plea of *res adjudicata,* which we have not set out because not urged here and apparently abandoned. In that plea appellant alleges that after judgment was obtained against him, Pupillo sued Western Indemnity Company to recover on the policy and that said company pleaded as its defense the above mentioned alleged breach of the policy by Pupillo, that the judgment had not been paid and that it was not a judgment of a court of last resort—the same defenses now asserted by the garnishee.

A pleàding similar to this was considered in Holt v. Hanley, supra, an action by a widow for admeasurement of dower. There the plaintiff's petition alleged her marriage to Holt and his death, that he was seized of the land, etc. The answer was a general denial followed by a plea setting forth certain facts and that "on account of the facts aforesaid" the plaintiff had no dower interest. The court said (245 Mo. l. c. 359):

"We think that this answer necessarily admits the marriage of plaintiff and death of her husband, as stated in the petition, by affirmatively placing the defense squarely upon the new matter pleaded in avoidance."

That principle is applicable to appellant's pleading in this case, not only as to plaintiff's failure to prove that he was not an employee of the insured, but as to the further contention that the proof did not show that the automobile was being used for a purpose within the provisions of the policy or that it was the automobile therein described. See also other cases cited on this subject in Paragraph I hereof.

For another reason it was unnecessary for plaintiff to make proof of such facts. Appellant's reply admits that Western Indemnity Company assumed charge of the defense of the suit against Pupillo, as provided in the policy. It later withdrew from the defense and refused further to defend. It assigns as the sole reason for such withdrawal that Pupillo had violated the contract by denying at first that he had been operating the car at the time of the accident, although he later and before trial told insured the truth, viz., that in fact he had been operating it. It is alleged that such conduct constituted a failure on Pupillo's part to furnish insurer all the information within his knowledge concerning the accident and to render co-operation and assistance, hence was a breach of the contract on his part. It is pleaded that the policy provides that upon request of insurer the assured shall furnish such information and render co-operation and assistance. But it is not pleaded that such request had been made, or that under the terms of the policy any forfeiture or penalty of any kind shall follow failure of the insured to comply with that provision, or that such failure will release insurer from the duty to defend or from liability. The policy provides that upon request assured shall do the things mentioned, but is silent as to the effect of his failure so to do. Appellant did not plead or claim that the alleged withholding until "just before the trial" of information that Pupillo was driving the car prevented it from making any defense it might otherwise have made, nor that it could not have obtained a postponement of the trial had it so desired. It pleaded that it notified Pupillo of its withdrawal in time for him to secure

other counsel to represent him at the trial. If that be true, did it not still have time itself to make whatever preparation could be made to meet the situation presented by Pupillo's revelation of the facts, even though that revelation was somewhat belated? That Pupillo was guilty of the conduct thus attributed to him is not a conceded fact. Those allegations of appellant's reply are expressly denied by plaintiff in a reply filed by him to appellant's reply and appellant offered no evidence to prove the alleged facts, the burden of proving which rested upon it. But had those allegations of appellant's reply been proved or admitted we think they would not constitute justification for appellant's withdrawal from the defense. See Ornellas v. Moynihan, supra. We need not consider what might have been the effect of the alleged misrepresentation with respect to appellant's duty to proceed with the defense or its right to withdraw therefrom if it had been alleged and shown that the misrepresentation disabled or prejudiced appellant in making a defense or if the correct information when given had shown a state of facts under which the insurer would not have been liable. No such facts are alleged in this case.

It stands admitted by the pleadings therefore that Western Indemnity Company assumed the defense of the suit against Pupillo pursuant to the terms of the policy, preventing him from conducting his own defense or making any settlement. Its unjustified withdrawal from the defense was not put upon the ground that the injury was not within the coverage of the policy. Having thus assumed charge of the case against Pupillo, we think Western Indemnity Company waived the right or estopped itself to claim that the injury was not within the coverage of the policy, wherefore appellant standing in its shoes is in no better case in that respect. See Fairbanks Canning Co. v. Guaranty & Acc. Co., 154 Mo. App. 327, 133 S. W. 664, a well-reasoned decision in which the question is discussed at length and authorities are cited: Rieger v. London Guar. & Acc. Co., 202 Mo. App. 184, 209, 215 S. W. 920, and cases cited; Ornellas v. Moynihan, supra.

For the reasons above stated it was not necessary for plaintiff to offer evidence that the insured automobile was the one involved in the accident, that it was being used for purposes authorized by the policy, and that plaintiff when injured was not in the employ of the assured, regardless of where the burden of proof rested as to those matters. Appellant's demurrer was properly overruled.

III. Appellant's remaining assignment is that by directing a verdict for plaintiff the court erroneously denied appellant the right to have the jury pass upon the credibility of the oral testimony, short and uncontradicted though it was. That contention would demand most serious consideration if there were any facts necessary to make out plaintiff's case the existence of which was shown only by parol evidence or by any disputed evidence. But if we have correctly construed the pleadings there are no such facts in this case. The facts are all established by indisputable documentary evidence and, as we have above held, by admissions in the pleadings, and therefore there was no issue of fact to be submitted to the jury. It was for the court, not the jury, to construe the pleadings and contracts. [Wendorff v. Mo. State Life Ins. Co., 318 Mo. 363, 1 S. W. (2d) 99.] Plaintiff did introduce some parol evidence, as above shown, but such testimony merely tended to prove facts which we have held were, in effect, admitted by the pleadings and therefore needed no proof, and such testimony may be disregarded. This point is therefore ruled against appellant.

IV. Appellant has apparently abandoned all of the defenses presented by its reply in the trial court. The contentions as to non-liability on the grounds of Pupillo's alleged breach of contract and that the judgment was not a judgment of a court of last resort and that it had not been paid are not briefed nor urged in this court, nor is there any assignment of error predicated thereon. The trial court's rulings and judgment not being here assailed on those grounds we need not discuss them. The points urged for reversal we find to be without merit.

The judgment of the circuit court was for the right party and should be affirmed. It is so ordered. *Davis, C.,* concurs.

PER CURIAM:—The foregoing opinion by COOLEY, C., is adopted as the opinion of the court. All of the judges concur, except *Blair, P. J.,* not sitting.