## WESTERN CASUALTY & SURETY CO. v. COLEMAN.

No. 14195.

United States Court of Appeals
Eighth Circuit.

Dec. 29, 1950.

Warren D. Welliver, Columbia, Mo. (Ralph L. Alexander and Alexander, Ausmus & Harris, all of Columbia, Mo., on the brief), for appellant.

Ralph T. Finley, St. Louis, Mo. (William H. Sapp, Columbia, Mo., and Sullivan, Finley & Lucas, St. Louis, Mo., on the brief), for appellee.

Before SANBORN, JOHNSEN, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a judgment for the plaintiff (appellee) in an action upon a policy of automobile liability insurance issued to him by the defendant, The Western Casualty and Surety Company (appellant). The insured sought recovery of the amounts which he had paid in defending, and satisfying the judgment in, a personal injury suit resulting from an accident in which the motor vehicle covered by the policy was involved. The Casualty Company denied liability upon the ground that the insured had failed to give it notice of the accident as required by the policy.

This action was brought in a State court of Missouri and was removed by the Casualty Company to the federal District Court. The facts were stipulated, and the issues were tried to the court without a jury. The District Court determined that the failure of the insured to notify the Casualty Company of the accident until suit was brought against the insured by the injured person some seven months after the accident, did not, under the stipulated facts and the applicable law of Missouri, relieve the Casualty Company of its policy liability to the insured. Judgment was entered accordingly, and this appeal followed.

It is not necessary to state the facts in detail. The policy in suit was issued December 19, 1943, for the term of one year. The limits of liability were $10,000 for each person and $20,000 for each accident. The insured vehicle was a Ford truck. The policy contained the following provisions:

"Notice of Accident

"When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses.

\* \* \* \* \* \*

"Action against Company

"No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this policy, nor until thirty days after the required proofs of claim have been filed with the company."

On November 14, 1944, the truck was being used for the hauling of rock from a quarry for a contractor. Thomas Matthews, an employee of the insured, was driving. He was accompanied by Homer Lawson, also an employee of the insured, and by Ben Pankey and Ben Blaser, employees of the contractor. After the truck had left the quarry with a load of rock and was proceeding up a steep hill, the rear axle broke. The brakes did not hold the truck. All of the occupants jumped. Blaser, who was in the back of the truck, broke one of his legs when he hit the ground, and was so severely injured that the leg was later amputated below the knee.

The insured learned of the accident the day that it occurred, but was informed by Matthews that Blaser was riding in the truck without his (Matthews') knowledge or permission, that the axle broke (due to a latent defect), that Matthews did all he could do to stop the truck but could not hold it on the hill, that Blaser jumped from the truck as it was moving backward and injured his ankle but was not struck by the truck. Homer Lawson and Ben Pankey corroborated Matthews. They told the insured that they did not know that Blaser had remounted the truck after it had left the scale-house at the quarry. The insured, from his investigation of the accident, believed that neither he nor his truck driver was to blame for Blaser's injuries. The insured did not notify the Casualty Company of the accident. Until June 19, 1945, when the insured was served with process in an action brought against him by Blaser to recover for his injuries, the insured did not know of Blaser's claim against him or the seriousness of Blaser's injuries or that the accident had been investigated by Blaser's attorneys.

The insured on June 19, 1945, upon receipt of a copy of Blaser's petition or complaint and the summons issued thereon, delivered these papers to the Casualty Company's agent at Columbia, Missouri, who forwarded them to the Home Office of the Casualty Company at Kansas City. All witnesses who knew about the accident and Blaser's injuries were then available.

The Casualty Company, under a non-waiver notice, assumed the insured's defense. Since Blaser was seeking a judgment exceeding the limits of liability fixed by the policy, the insured also employed counsel, whose participation in the defense was without prejudice to the insured's rights under the policy.

The trial of Blaser's suit resulted in a verdict and judgment in his favor for $12,-500. Counsel employed by the insured took an appeal and secured a reversal of the judgment and a new trial. The insured, through his own counsel, finally agreed to a settlement of $8,000 and costs. The State court approved the settlement, and,

after a hearing and the taking of testimony, judgment was entered accordingly in favor of Blaser and against the insured. He paid the judgment and thereafter brought the instant action against the Casualty Company.

■ The applicable substantive law is that of Missouri.

The District Court concluded that the insured was entitled to judgment, for the following reasons: (1) that, under Missouri law, the failure of an insured to give notice of an accident does not defeat recovery on the policy unless it expressly provides for a forfeiture; (2) that, in order to sustain the defense of delayed notice, an insurer must allege and prove that prejudice resulted from the delay; that prejudice was neither alleged nor proven in the instant case; (3) that the insured was not required to give notice of the accident "until such time as facts were made known to him, as a reasonably prudent person, that a liability existed therefor, and that he might be required to respond in damages as a consequence of the happening of such event," and that the insured acted with reasonable prudence in the giving of notice.

The District Court also determined that the Casualty Company had no right to withdraw from the defense of the insured after the judgment of $12,500 was entered and a new trial denied by the trial court, that the Casualty Company's refusal to pay the $8,000 judgment entered in the suit of Blaser against the insured was vexatious, and that the insured was, under the law of Missouri, entitled to a ten per cent penalty and reasonable attorney's fees.

The Casualty Company asserts that the District Court erred (1) in ruling that, in the absence of a forfeiture provision, the the insured's failure to give notice was not a defense; (2) in holding that the Casualty Company was required to prove that it was prejudiced by the insured's failure to give notice; (3) in finding that the insured had sufficiently complied with the notice provision of the policy; and (4) in holding that the Casualty Company's refusal to pay the judgment obtained by Blaser against the insured was vexatious.

The burden of demonstrating error is upon the Casualty Company. In a case controlled by local law, that burden is is a peculiarily heavy one. This Court is not an appellate court of the State of Missouri and establishes no rules of law for that State. We have repeatedly said that, in reviewing doubtful questions of local law, we would not adopt views contrary to those of the trial judge unless convinced of error, and that all that this Court reasonably can be expected to do in such cases is to see that the determination of the trial court is not induced by a clear misconception or misapplication of the local law. Russell v. Turner, 8 Cir., 148 F.2d 562, 564; Buder v. Becker, 8 Cir., 185 F.2d 311, 315, and cases cited. If a federal district judge has reached a permissible conclusion upon a question of local law, we will not reverse, even though we may think the law should be otherwise.

The rule upon which the District Court relied in holding that a policy must contain a forfeiture clause in order to make the failure to give notice a complete defense, stems from the case of Dezell v. Fidelity & Casualty Co., 176 Mo. 253, 75 S.W. 1102, which involved accident insurance. The Supreme Court of Missouri, in that case, said, page 1119 of 75 S.W.: "Thus it appears that the courts draw a distinction between policies which call for the notice of death and proofs of loss, and stipulate that a failure to give such notice or furnish such proof shall work a forfeiture of the insurance, and policies which call for such notice and proofs, but make no stipulation as to the consequence of failure to comply with such call; and, whilst the courts are powerless to strike out the forfeiture feature in those contracts in which the parties have seen fit to insert it, they are equally powerless to insert such a feature when the parties have not seen fit to do so. Where no forfeiture is prescribed in the contract, the court should have regard to the consequence that results from the failure to give the notice as shown by the facts in the case, and, if it appears that the purpose for which the notice and proofs were required has really been accomplished, the plaintiffs should not be precluded. * * *"

The Kansas City Court of Appeals, in James v. United States Casualty Co., 113 Mo.App. 622, 88 S.W. 125, at page 127, stated: "The policy contained a provision requiring the assured to give notice to defendant within 10 days of the accident. The notice was not given. There was no provision of forfeiture in case notice was not given. There was, however, at another part of the policy, a provision that a claim should not be valid 'unless the provisions and conditions of the contract of insurance are complied with by the insured.' We do not regard this as an express provision that the policy would be forfeited for want of notice. There should be a clear and an express statement for forfeiture before the courts will enforce it. Dezell v. Fidelity & Casualty Co., 176 Mo. [253] 279-282, 75 S.W. 1102; 4 Joyce on Ins. § 3282." See, also, to the same effect: Zackwik v. Hanover Fire Ins. Co., Mo.App., 225 S.W. 135, 137; Shanebarg v. National Accident Society, Mo.App., 263 S.W. 512, 513; Malo v. Niagara Fire Ins. Co. of New York, Mo. App., 282 S.W. 78, 79; Cowell v. Employers' Indemnity Co., 326 Mo. 1103, 34 S.W.2d 705, 709; Walker, to use of Foristel v. American Automobile Ins. Co., 229 Mo. App. 1202, 70 S.W.2d 82, 87-90; St. Paul & Kansas City Short Line R. Co. v. United States Fidelity & Guaranty Co., 231 Mo. App. 613, 105 S.W.2d 14, 24; Lemay Ferry Bank v. New Amsterdam Casualty Co., 347 Mo. 793, 149 S.W.2d 328, 330-331; Dixon v. United States Fidelity & Guaranty Co., Mo.App., 155 S.W.2d 313, 317; Schaeffer v. Northern Assurance Co., Mo. App., 179 S.W.2d 923, 926; New Amsterdam Casualty Co. v. Hamblen, Tex.Civ. App., 186 S.W.2d 741, 743, 744.

The only Missouri cases that we have been able to find which support the Casualty Company's contention that the courts of Missouri recognize and apply a different rule to liability policies than to other policies of insurance, are National Paper Box Co. v. Aetna Life Ins. Co., 170 Mo.App. 361, 156 S. W. 740, and United States Fidelity & Guaranty Co. v. Carmichael Co., 195 Mo.App. 93, 190 S.W. 648. These cases were expressly overruled, by the court which decided them, in St. Paul & Kansas City Short Line R. Co.

v. United States Fidelity & Guaranty Co., 231 Mo.App. 613, 105 S.W.2d 14, 25–26. See, also, Walker, to use of Foristel v. American Automobile Ins. Co., supra, page 90 of 70 S.W.2d.

Cases sustaining the District Court's ruling that an insurer may not defeat the rights of an insured who fails to give timely notice of an accident as required by the policy, unless prejudice is shown, are: Walker, to use of Foristel v. American Automobile Ins. Co., 229 Mo.App. 1202, 70 S. W.2d 82, 89; St. Paul & Kansas City Short Line R. Co. v. United States Fidelity & Guaranty Co., 231 Mo.App. 613, 105 S.W.2d 14, 25; Buckner v. Quick Seal, Inc., 233 Mo. App. 273, 118 S.W.2d 100, 107; Brookville Electric Co. v. Utilities Ins. Co., Mo.App., 142 S.W.2d 803, 811; Dixon v. United States Fidelity & Guaranty Co., Mo.App., 155 S.W.2d 313, 317.

 The Missouri cases cited have established the rule that failure of an insured to give notice of an accident will not defeat his rights under a liability policy unless it contains a provision for a forfeiture in that event or unless the insurer proves that the failure resulted in prejudice to it.

In the instant case there was no forfeiture provision in the policy. No prejudice was charged or proven, and the stipulation of facts negatives prejudice. It is our opinion that the Casualty Company was not justified in denying liability, in refusing to fully participate in the defense of the insured after the trial of the Blaser suit, in refusing to pay the judgment ultimately entered against the insured in that suit, in defending the instant action, or in taking this appeal.

The District Court, we think, correctly imposed a ten per cent penalty, together with reasonable attorney's fees, for vexatious delay, under Missouri Revised Statutes Annotated, § 6040. The insured asks this Court for an allowance of a reasonable attorney's fee and the expenses of this appeal. We shall award the insured $500 as attorneys' fees and expenses in this Court, to be added to the judgment.

Questions raised by the Casualty Company which we have not discussed in this opinion, we regard as inconsequential.

The judgment appealed from is affirmed, with directions to the Clerk to increase it by $500.