**Frances S. COCKRELL, Respondent-Appellant,**

v.

**FARMERS MUTUAL AUTOMOBILE IN-SURANCE COMPANY, a mutual corporation, Appellant-Respondent.**

Nos. 24763, 24759.

Kansas City Court of Appeals.

Missouri.

April 1, 1968.

Thaine Q. Blumer, Kansas City, for respondent-appellant; Blumer, Wright, Bittiker & Rocha, Kansas City, of counsel.

E. E. Thompson, Thomas A. Sweeny, Kansas City, for appellant-respondent; Popham, Thompson, Popham, Trusty & Conway, Kansas City, of counsel.

HOWARD, Presiding Judge.

Frances S. Cockrell, plaintiff, sued defendant insurance company seeking reimbursement for the sum of $3,750.00 as at-

torney fees for defending three personal injury damage suits brought against her, $183.60 for incidental expenses incurred in her defense, and for the sum of $750.00 for which amount a judgment was rendered against her in compromise of these suits. Each party moved for summary judgment against the other. Defendant's motion was denied and plaintiff's motion was sustained. From a judgment for plaintiff allowing her $1,875.00 as a reasonable sum for her attorney fees, $183.60 for expenses, and $750.00 which she agreed to pay in final settlement of the three claims, a total of $2,808.60, both parties appeal. Plaintiff contends that that part of the judgment allowed her as attorney fees is contrary to and against all of the evidence. We will first dispose of defendant's appeal.

This lawsuit grew out of a collision between an automobile being operated by plaintiff, and one being operated by a Mr. Fifield. The collision occurred in Kansas City, Missouri, August 19, 1958. Plaintiff's liability to others for damages growing out of personal injuries while operating her automobile was insured by defendant. The policy was in full force at the time this collision occurred.

Plaintiff was operating her automobile when the collision occurred. Riding as her guests were Anna Cockrell, plaintiff's sister-in-law, and Mr. Hornbuckle, a relative and friend of the Cockrells. Plaintiff immediately verbally notified defendant and later made a written report to it. Its agents made an investigation of the facts and circumstances. Plaintiff was represented in police court by attorney Gottschall and the traffic violation charges there pending were dismissed.

Thereafter, Anna Cockrell and Hornbuckle claimed personal injuries and damages growing out of the collision, and Frank M. Cockrell, husband of Anna, claimed damages for loss of services of his wife. These parties, on June 29, 1960, filed suit against plaintiff and Fifield. They were represented by Mr. Gottschall. On July 19, 1960, while in Kansas City, plaintiff learned that a deputy sheriff had been looking for her and when she went to the office of the sheriff of Jackson County, she was served with process in these cases. Plaintiff was a resident of Benton County, Missouri, as were Anna and Frank M. Cockrell. Neither she nor anyone in her behalf notified defendant in any manner of the filing or of the pendency of these suits until she forwarded the summonses and petitions to defendant's agent, on September 21, 1961, after being requested to do so by the attorney representing Hornbuckle and the Cockrells.

Plaintiff retained a Mr. Sharp to represent her in an action for damages which she filed against Mr. Fifield. Mr. Gottschall recommended Mr. Sharp to plaintiff. On June 6, 1961, she gave her deposition in that case. She gave no notice to defendant that she was going to give her deposition. She testified fully as to the facts and circumstances surrounding the collision between her automobile and that of Mr. Fifield. After she was advised by defendant that it would not defend her in the damage suit litigation, she employed Sharp to represent her in those cases. Defendant Fifield's deposition, in the case filed against him by plaintiff, was taken on September 8, 1961. Plaintiff did not notify defendant that the deposition was to be taken.

In that portion of the policy denominated "Conditions", there appears the following:

"3. NOTICE.

"* * *. If claim is made or suit is brought against the insured, he shall immediately forward to the company every demand, notice, summons or other process received by him or his representative."

"7. ACTION AGAINST COMPANY—PART 1.

"No action shall lie against the company unless, as a condition precedent there-

to, the insured shall have fully complied with all the terms of this policy. * *."

Immediately upon receipt of the summonses in the suits here involved, defendant returned them to plaintiff and refused to defend because of her claimed failure to comply with the above mentioned conditions of the policy.

Each party submitted this case to the trial court on a motion for summary judgment. Plaintiff's motion for summary judgment recited certain undisputed facts including the fact that these three cases had lain dormant and no action was taken therein until after the insurance company refused to defend, and argued from such facts that there was no prejudice to the insurer from the delay in forwarding the suit papers to the company, and, therefore, such delay was not a defense and plaintiff was entitled to a judgment as a matter of law because of such lack of prejudice. Defendant's motion for summary judgment recited no facts. It merely stated "there is no genuine issue as to any material fact and that the defendant is entitled to a judgment as a matter of law." Attached to this motion was a copy of the insurance policy and an affidavit of the attorney for defendant which stated that it was his practice when an insured was going to give his deposition in other litigation concerning matters covered by the policy, to review the file with the insured and to be present at the taking of such deposition; that his right to be present had never been questioned by other lawyers, and that this was the practice of other lawyers in the area. From this motion and affidavit, we can only conclude that the issue actually submitted to the trial court was a claim of prejudice.

Thus, the sole issue presented to the trial court was the fact issue of prejudice or no prejudice. The facts upon which the court was asked to base its conclusion were not disputed but the conclusion which the court was asked to draw was a conclusion of fact, not a conclusion of law, unless the facts so preponderated on one side or the other that reasonable minds could not differ on the issue.

When the case was briefed in this court, the defendant, for the first time, contended it was entitled to judgment whether or not there was any showing of prejudice to the insurance company from the delay in forwarding the suit papers. No mention of this contention is found in the record until the company's brief was filed in this court. It is possible that this argument was presented to the trial court by oral argument or brief in support of the motion for summary judgment but such does not appear from the record and we have no basis for so concluding other than pure speculation.

In support of its contention that it is entitled to judgment whether or not prejudice is found, the defendant insurance company relies primarily on the case of Northwestern Mutual Insurance Company v. Independence Mutual Insurance Company, Mo.App., 319 S.W.2d 898, decided by the St. Louis Court of Appeals in 1959. In that case Northwestern insured McKinnon and Independence insured Politte. The two had a collision driving their respective automobiles. McKinnon made a claim for personal injuries which was settled by Independence as Politte's insurer. McKinnon made no claim for property damage against Politte, rather he submitted his property damage claim to his own insurance company, i. e., Northwestern. Northwestern paid the property damage claim to McKinnon and then as subrogee asserted its claim against Politte. It eventually filed suit on this property damage claim. Politte not only failed to forward the suit papers to his insurance company but positively refused to do so although many times requested, both by letter and telephone, to forward the papers to Independence. When it appeared that Politte was not going to forward the papers, the attorney for Northwestern sent a copy of the petition to the attorney for Independence. Independence did nothing in the suit and Northwestern took a default judgment against Politte and

then garnished Independence. Independence defended the garnishment proceeding on the basis of its insured's failure to forward the suit papers and his failure to cooperate. There are three issues considered by the opinion in the Northwestern case: (1) The absolute refusal of Politte to forward the suit papers, (2) the furnishing of suit papers by Northwestern approximately two months after service on Politte, and (3) the failure of Politte to cooperate. Defendant, in the case at bar, relies upon what was said by the St. Louis Court of Appeals in the Northwestern case concerning issue No. 1. Defendant's argument in this connection assumes that the actions of Frances Cockrell in the case at bar constitute a breach of this condition of the insurance policy. It is to be noted that in the Northwestern case there was an absolute failure to forward the papers by Politte.

As to this absolute refusal to forward the suit papers, the Northwestern opinion cites only two Missouri cases, Nevil v. Wahl, 228 Mo.App. 49, 65 S.W.2d 123, and Donlon v. American Motorists Insurance Company, Mo.App., 147 S.W.2d 176. In Donlon, the insurance company had no knowledge of the suit until after a default judgment had been rendered; it was too late to get it set aside; plaintiff was a guest in defendant's car when the accident happened in Illinois and the petition did not state a cause of action under the Illinois guest statute. In Nevil, the papers were not forwarded until after a default judgment was entered. When the insurance company wanted to file a motion to set aside the default and defend at the new trial, the defendant refused to sign the motion or permit it to be filed because she wanted the plaintiff (a relative) to be paid. It is obvious that in both of these cases there was in fact serious prejudice to the insurance company. No one contended otherwise and the matter was not mentioned. In each case, the court properly found that the breach of condition of the policy excused the company from paying the judgment. Aside from citing these two inap-

plicable Missouri cases, the Northwestern opinion relies entirely on texts and cases from other states to conclude that the breach of the condition precedent in the policy constitutes a defense whether or not prejudice to the insurance company is shown. This is in conflict with older decisions of the Supreme Court of Missouri and of the courts of appeal which hold that a breach of condition of an insurance policy is no defense unless such breach is expressly declared to work a forfeiture by the policy itself or unless the company is prejudiced by such breach. These cases are not mentioned in the Northwestern opinion. They include such earlier cases as Dezell v. Fidelity & Casualty Company, 176 Mo. 253, 75 S.W. 1102; Cowell v. Employers' Indemnity Corporation, 326 Mo. 1103, 34 S.W.2d 705; Ash-Grove Lime and Portland Cement Co. v. Southern Surety Co., 225 Mo.App. 712, 39 S.W.2d 434; St. Paul & Kansas City S. L. R. Co. v. U. S. Fidelity & Guaranty Co., 231 Mo.App. 613, 105 S.W.2d 14, and many others. One of the opinions ignored in the Northwestern case is Walker to Use of Foristel v. American Automobile Insurance Co., 229 Mo. App. 1202, 70 S.W.2d 82, decided by the St. Louis Court of Appeals in 1934. After an extensive review of prior decisions, this case held that failure to give notice of the accident as required by the policy did not constitute a defense where the insurance company was not prejudiced and the policy did not expressly provide that such failure should constitute a forfeiture. It held that this was true regardless of whether the policy condition constituted a condition precedent or a condition subsequent. The court said, 1. c. 88:

"Appellant urges that it is not relying upon a forfeiture, but is relying simply upon a condition precedent, to defeat, not to forfeit, the right of recovery on its policy. It would serve no useful purpose to enter upon a discussion of the refinements distinguishing conditions precedent and conditions subsequent. Obviously the notice provision in this

policy is a provision looking to the avoidance of liability, and it suffices to say that the courts of this state, and elsewhere with a few exceptions, have refused to regard a provision such as this as a condition that defeats recovery or avoids liability for failure to give the notice within the time stipulated, in the absence of any showing of prejudice to the insurer thereby, unless the policy expressly so declares in some sort of appropriate and unambiguous language. This is made manifest by the cases cited. To this end we have quoted from a number of these cases in extenso."

Under these circumstances and up to this point, we would be required to follow the prior decisions of the Missouri Supreme Court rather than the opinion of the St. Louis Court of Appeals in the Northwestern case. These prior decisions were discussed and analyzed by the United States Court of Appeals for the Eighth Circuit in Western Casualty & Surety Company v. Coleman (1950), 186 F.2d 40. The same court refused to change its position and follow the Northwestern case in Hawkeye-Security Insurance Company v. Davis (1960), 277 F.2d 765. These two federal cases are cited and relied on by plaintiff in the case at bar. See also Schultz v. Queen Insurance Co., Mo.App., 399 S.W.2d 230.

However, there is later authority although it is not cited by either party. In Winterton v. Van Zandt, 351 S.W.2d 696, Division 1 of our Supreme Court in 1961 was presented with a claim of breach of the condition precedent in an automobile insurance policy because of delay in forwarding the suit papers. The Supreme Court there said:

"Substantial compliance with the provisions of the policy in the respects asserted by the garnishee is a condition precedent to garnishee's liability under the policy but a mere failure to comply with such provisions in some immaterial respect does not justify disclaimer of liability. Northwestern Mut. Ins. Co. v. Independence Mut. Ins. Co., Mo.App., 319 S.W.2d 898, 901–905, and the many authorities collected therein. The trial court, in the verdict-directing instruction given in behalf of plaintiff, submitted a finding of defendant's compliance with the provisions of the policy relating to the aforesaid provisions as one of the conditions of returning a verdict in plaintiff's favor. We think the finding of the jury that he had complied with those provisions was amply supported by the evidence. The contention should be and is denied."

Thereafter, in Meyers v. Smith, 375 S.W.2d 9, Judge Dalton, writing for Division 1 of our Supreme Court in 1964, considered a claimed breach of a comparable provision of an automobile insurance policy, i. e., failure of the insured to cooperate. This opinion does not mention the Van Zandt case. It summarized appellant's contention as follows:

"* * * Appellant insists that the condition of cooperation was a condition precedent and the breach thereof prejudiced the garnishee, hence garnishee was not obligated to these plaintiffs on account of said policy of insurance."

As to the claimed failure to cooperate, Judge Dalton said the issue was whether or not the conflicting statements of the insured "so breach(ed) the insurance contract and so prejudice(d) the insurer that plaintiffs * * * are not entitled to recover * * *" in the garnishment proceeding. The opinion held that the burden of proof on this issue was on the insurance company. It quotes conflicting statements from the Northwestern case and then cites and quotes with apparent approval from the foregoing federal cases of Western Casualty & Surety Company v. Coleman, and Hawkeye-Security Insurance Company v. Davis. The opinion points out that whether or not the conduct of the insured constituted failure to cooperate "is usually a question of fact for the judge or jury hearing the cause." The opinion also quotes from

Quisenberry v. Kartsonis, Mo., 297 S.W. 2d 450, to the effect that "To establish a breach of a cooperation condition of an insurance contract requires a showing of insured's unexcused lack of cooperation in a substantially material respect." It will be noted that this last quoted language corresponds to the language quoted from the Van Zandt case, supra.

After a careful analysis of the conduct of the insured, the court in the Meyers case affirmed the judgment for the plaintiff saying " * * * we have concluded that appellant was not prejudiced * * *." The final conclusion was "On the record presented we find no prejudice to appellant on account of any alleged failure to cooperate with the insurer."

■ In the case at bar we do not have an absolute failure of the insured Frances Cockrell to forward the insurance papers to the insurance company. There was a delay of approximately fourteen months between the time of service and the receipt of the insurance papers by the company. Under the authority of the Van Zandt case supra, we are required to hold that such delay may constitute a breach of the condition and that if the delay is such as to constitute a breach, it is a valid defense. As said in the Van Zandt case, whether or not the delay constitutes a breach in a material manner is a fact issue to be determined by the trier of fact. As to delay in forwarding the suit papers, the St. Louis Court of Appeals in the Northwestern case said:

" * * * Was this an 'immediate' forwarding within the terms of Condition 2? Requirements in insurance contracts that 'immediate' notice of an accident, injury or claim be given, papers forwarded, etc., do not compel instantaneous notice or forwarding but are construed to require the doing of these things with reasonable diligence and within a reasonable length of time in view of the attending circumstances of each particular case. Woodlock v. Aetna Life Ins. Co., Mo. Sup., 225 S.W. 994; McFarland v. United States Mut. Accident Ass'n of City of New York, 124 Mo. 204, 27 S.W. 436; Columbia Paper Stock Co. v. Fidelity & Casualty Co. of New York, 104 Mo.App. 157, 78 S.W. 320; National Paper Box Co. v. Aetna Life Ins. Co., 170 Mo.App. 361, 156 S.W. 740; Hayes v. Equitable Life Assur. Soc. of United States, 235 Mo.App. 1261, 150 S.W.2d 1113; Appleman, Insurance Law and Practice, Vol. 8, § 4734. The failure of insured to give notice of an accident, or to show good cause therefor, until six weeks after the occurrence of the injury, was held to constitute a breach of the condition of an accident policy in Myers v. Maryland Casualty Co., 123 Mo.App. 682, 101 S.W. 124. In other circumstances we have held that fifteen months is not an unreasonable length of time, as a matter of law, within which to give notice of the pendency of an action. Brookville Electric Co. v. Utilities Ins. Co., Mo.App., 142 S.W.2d 803. In the instant case the record is vague with respect to the attending circumstances. * * *"

We note that there was approximately nineteen months delay in giving notice of the accident and a little over seven months delay in forwarding suit papers in St. Paul & Kansas City S. L. R. Co. v. U. S. Fidelity & Guaranty Co., 231 Mo.App. 613, 105 S.W. 2d 14, wherein the plaintiff's judgment was affirmed.

It appears that under these authorities the actual issue in this case is whether or not the forwarding of the suit papers fourteen months after service was a forwarding within a reasonable time under all the facts and circumstances of the case or, as said in the Van Zandt case, whether this fourteen months delay constituted only a "failure to comply with such provisions in some immaterial respect."

■ In view of the historical reluctance of the courts of Missouri to excuse an insurance company from its contractual obligation because of some breach of condition by the insured which does not prejudice

the company and because of the return to prejudice as the determining factor in Judge Dalton's opinion in Meyers v. Smith, supra, and the decision for plaintiff based on lack of prejudice in Schultz v. Queen Insurance Co., Mo.App., 399 S.W.2d 230, decided by the St. Louis Court of Appeals in 1966, it appears that one of the circumstances to be considered by the trier of fact in determining whether or not the suit papers were forwarded within a reasonable time is the question of prejudice or no prejudice to the insurance company because of such delay.

■ Appellant also claims that it was prejudiced in this case. In the trial court the only thing mentioned to show prejudice was the failure of Frances Cockrell to notify the insurance company before she gave her deposition concerning the accident in the case of her independent action against the other driver. This is also mentioned in the brief in this court. The company does not show why or in what manner it was prejudiced but asks the court to draw the conclusion of prejudice from its mere failure to receive notice of the deposition. On this factual issue of prejudice, see Cowell v. Employers' Indemnity Corporation, 326 Mo. 1103, 34 S.W.2d 705; St. Paul & Kansas City S. L. R. Co. v. U. S. Fidelity & Guaranty Co., 231 Mo.App. 613, 105 S.W.2d 14, and Brookville Electric Co. v. Utilities Insurance Co., Mo.App., 142 S.W.2d 803. We cannot find prejudice as a matter of law in this case.

■ In its brief the company also contends that it was prejudiced because it was denied an opportunity to secure dismissal of the cases against Frances Cockrell for improper venue. This amounts to a question of lack of jurisdiction over the person because of improper venue. The argument apparently is that after the original time to plead has passed, an individual cannot assert lack of jurisdiction of the person. The exact opposite was held by our Supreme Court en banc, in State ex rel. Boll v. Weinstein, 365 Mo. 1179, 295 S.W.2d 62, where the court ruled that a mere passage of time could not confer jurisdiction of the person where it did not exist before and that lack of jurisdiction of the person could be raised for the first time after the normal time to plead, as provided by the rules, had expired.

■ Therefore, on the basis of the foregoing authorities, when the parties submitted the limited issue of prejudice or no prejudice to the trial court, it amounted to a submission of only one part of the true issue which consists of many parts. The question of prejudice is only one of the many facts which must be considered in determining whether or not the delay in forwarding the suit papers to the insurance company was unreasonable under all the surrounding circumstances, or, conversely, whether plaintiff's delivery of the suit papers constituted substantial compliance with the provisions of the policy. The determination of such a limited issue is not sufficient basis for the judgment in this case and we hold that the entry of the judgment below on such an inadequate basis constitutes reversible error.

Since this case must, therefore, go back to the trial court, it is not necessary to consider the points raised by plaintiff's appeal.

The judgment is reversed and the cause remanded for new trial.

CROSS and MORGAN, JJ., and ALVIN C. RANDALL, Special Judge, concur.