MFA MUTUAL INSURANCE COMPANY, Plaintiff-Respondent,

v.

Helen THOST et al., Defendants,

and

Hartford Accident & Indemnity Company, a corporation, Intervenor-Appellant.

No. 38107.

Missouri Court of Appeals, St. Louis District, Division One.

Jan. 3, 1978.

Motion for Rehearing and/or Transfer Denied Feb. 14, 1978.

Application to Transfer Denied March 13, 1978.

Godfrey, Vanover & Burns, Inc., James E. Godfrey, St. Louis, for intervenor-appellant.

Kortenhof & Ely, St. Louis, Robert Lee Smith, Hillsboro, for Crews.

William L. Pannell, Festus, for Harry Clark.

SMITH, Judge.

Intervenor, Hartford Accident and Indemnity Company, appeals from a declaratory judgment following a trial to the court. The judgment entered declared that plaintiff, MFA Mutual Insurance Company, was relieved of all liability to defend any suit or to pay any judgment arising from a specified automobile accident involving an automobile insured by MFA and operated by either Helen Thost or Harry Clark, defendants. Thost and Clark had been sued in a separate action by defendants Lloyd and Carol Crews for damages sustained as a result of injuries to Lloyd Crews incurred in the accident. The trial court's judgment was based upon its finding that Thost and Clark had breached a condition of the policy by failing to cooperate with MFA in not disclosing all pertinent facts known to them. Hartford is the carrier of Crews' uninsured motorist coverage.

The accident occurred in the early morning hours of December 8, 1973, near DeSoto, Missouri. At the scene of the accident approximately 20 minutes after it occurred, Miss Thost told a highway patrolman she was the operator of the insured vehicle and that Harry Clark was a passenger in the vehicle. On the same day as the accident, Miss Thost filled out a claim form for MFA and four days later gave a recorded statement to its claim agent. In each she stated she was the operator of the insured vehicle, that Harry Clark was a passenger in that vehicle and that she did not know or remember how the accident happened. On Form SR 21 prepared in January 1974 for filing with the State of Missouri pursuant to the Safety Responsibility Law, she also indicated that she was the operator of the vehicle. On January 10, 1975, Miss Thost gave a deposition in the Crews' suit, wherein she testified that Harry Clark was the driver of the insured vehicle at the time of the accident and that she was asleep in the front passenger seat when the accident occurred. She advised an MFA representative of the change in her story immediately before giving the deposition.

Following Miss Thost's deposition testimony, MFA stopped all further investigation of the accident, changed lawyers and filed its declaratory judgment action.

At trial certain additional information was elicited from Miss Thost. She admitted she had been drinking heavily prior to the accident which she stated was the reason Mr. Clark was driving the vehicle. Prior to the accident Clark had stopped at a service station and the attendant there had seen and recognized Miss Thost and had indicated his recognition to her. There was no evidence that any attempt to locate this witness was made by MFA and the witness was not produced at the hearing. Miss Thost "ran around with" Mr. Clark, the father of a school friend. The damage to the Thost car was such that the driver's door could not be opened. The vehicle was owned and insured by Miss Thost's father, but she was a "part owner", the primary operator, and was allowed to let other people drive it.

Harry Clark denied throughout the investigation and at the trial that he was driving the vehicle, that he was a passenger therein, or that he was at the scene of the accident. He testified he had seen Miss Thost shortly before the accident at a tavern in DeSoto. He testified that he saw her sitting in the passenger seat of the car, asked her how she felt and upon being told

"I'll be alright after I rest a while" he got in his car and drove directly home.

The testimony of the highway patrolman was that Miss Thost stated to him she was the operator of the insured car and Harry Clark was a passenger. The patrolman further testified that Miss Thost was coherent and not "too upset", that there was no indication anyone other than Miss Thost was driving the car; and that the patrolman did not observe Harry Clark at the scene.

An independent witness testified that he did not see the collision but did see the dust from it and the headlights go out. He parked his car and arrived on foot at the accident scene within 60 seconds of the collision. He saw only Miss Thost in the insured vehicle. She was on the passenger side. He saw no one get out of her vehicle, heard no footsteps or doors close, and saw and heard nothing to indicate anyone else was in the vehicle.

MFA's claim's manager stated as a conclusion that he relied upon the original statements of Miss Thost, but did not specify in what way. He admitted that her change in story in no way affected the company's ability to locate witnesses.

The trial court found that the original story of Miss Thost was false and that the false statements prejudiced MFA and that MFA relied upon the false statements of both Thost and Clark "to its detriment in the *acceptance and preparation of the defense* in cause No. 45376." (Emphasis supplied).

■ Under *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976) our standard of review is to sustain the decree unless (1) there is no substantial evidence to support it, (2) it is against the weight of the evidence, (3) unless it erroneously declares the law or (4) unless it erroneously applies the law.

■ The insurance policy in question contains the following provision: "Assistance and Cooperation of the Insured—The Insured shall cooperate, with the Company, disclosing all pertinent facts known or available to him . . . ." There is no forfeiture provision in the policy for breach of this condition. Cooperation agreements are valid and enforceable in this state. *Quisenberry v. Kartsonis*, 297 S.W.2d 450 (Mo.1956) [1–4]; *Meyers v. Smith*, 375 S.W.2d 9 (Mo.1964) [6, 7]. The cases in this state are not in agreement whether such a provision is a condition precedent or condition subsequent to recovery on the contract. The label is of little consequence. Under Missouri law, certain legal principles govern the applicability of non-cooperation clauses. First, unless the policy contains a forfeiture clause, an insurance company may not avoid coverage unless it has been prejudiced by the lack of cooperation. *Cockrell v. Farmers Mutual Automobile Ins. Co.*, 427 S.W.2d 303 (Mo.App.1968) [2]; *Schultz v. Queen Insurance Company*, 399 S.W.2d 230 (Mo. App.1965) [1]; *Meyer v. Smith, supra*, [2, 3]; *Hawkeye-Security Insurance Co. v. Davis*, 277 F.2d 765 (8 Cir. 1960) [4]; *Western Casualty Surety Co. v. Coleman*, 186 F.2d 40 (8 Cir. 1950) [4]; Contra: *Northwestern Mutual Ins. Co. v. Independence Mutual Ins. Co.*, 319 S.W.2d 898 (Mo.App.1959) [8, 9]. Secondly, the burden of establishing non-cooperation and prejudice is upon the insurance company seeking to avoid coverage. *Meyers v. Smith, supra*, [8]. Thirdly, the obligation to cooperate is upon the insured and anyone operating the vehicle who is covered by the policy. *Meyers v. Smith, supra*, [6, 7].

■ With these considerations in mind, we find the trial court erred in entering judgment for MFA and in failing to enter a judgment finding and declaring that MFA was not relieved of its contractual obligations because of non-cooperation of the insured.

Initially, we note our serious doubts that the finding of the trial court that Miss Thost was untruthful in her original statements is supported by substantial evidence. See *Meyers v. Smith, supra*. While we normally defer to a trial court's determinations of credibility, there are limits to the deference policy. Here the only evidence to support the court's finding is Miss Thost's testi-

mony at trial. Arrayed against that are: (1) her statements made immediately after the accident to the highway patrolman; (2) the patrolman's testimony that Mr. Clark was not present at the scene; (3) Mr. Clark's testimony and repeated denials of his presence in the car; (4) the testimony of a neutral eyewitness who saw no evidence of Mr. Clark one minute or less after the accident; (5) the physical fact that Mr. Clark would have had to recover from the shock of the accident, extricate himself from the automobile other than through the driver's door and leave the scene in less than a minute and be unseen by a man walking to the scene of the crash; (6) the absence of a witness who was known to Miss Thost and could have corroborated her story and the failure of MFA to account for this absence; (7) Miss Thost's admitted intoxication on the night of the accident, and the fact that her story at trial was personally less incriminating to her than an admission of driving while intoxicated. However, we do not rule this case on this issue but rather on the question of prejudice.

In this regard there is not only no substantial evidence to support the court's finding, there is no evidence at all. Specifically the trial court found that Miss Thost's (and Mr. Clark's) false statements were relied upon by MFA to its detriment in accepting and preparing the defense of the case. There is no evidence of either. It is clear from the record and counsel for plaintiff admitted on oral argument that MFA was bound to defend either Miss Thost or the second permittee Mr. Clark under the policy. Which of them was driving was therefore of no consequence to MFA's acceptance of the case.

It is also clear from the record, and plaintiff's claims manager so testified, that the investigation of the suit was not affected by Miss Thost's story. Her story in no way prevented the location of witnesses or the production of evidence.

The only suggestion that MFA has made to support a claim of prejudice is that the change in Miss Thost's story and Mr. Clark's refusal to admit his presence has damaged their credibility at trial. As to Miss Thost, that may be. But Miss Thost's statements to MFA after the accident were that she had no knowledge or memory of how the accident occurred. The same was true of her testimony in her deposition and at trial. In view of her consistent denial of knowledge of the circumstances of the accident, it is difficult to determine what difference her credibility would make in defense of the Crews' suit. As to Mr. Clark, it can hardly be presumed, in view of his persistent denial of presence, that his testimony at trial would be of any benefit to a defense or that an attack on his credibility could in anyway affect the defense. As yet he has never made an inconsistent statement upon which to base an attack on his credibility. It is just as reasonable to presume that if Mr. Clark has heretofore been lying, his truthful testimony would support the Crews' position rather than to presume that it would serve to defeat it. And of course, it will be the Crews' burden, not MFA's, to establish who the driver was. We find the factual situation here closely akin to that found in *Meyers v. Smith, supra.* It differs substantially from the collusion cases cited by MFA. See *Quisenberry v. Kartsonis, supra; Drennen v. Wren,* 416 S.W.2d 229 (Mo.App.1967).

It can be readily conceded that defense of the Crews' suit by MFA is not an easy task. But, we find no basis in the record for concluding that this difficulty is the result of lack of cooperation by Miss Thost or Mr. Clark. MFA is not entitled to be relieved of the contractual obligations because its road is rocky.

Judgment reversed, cause remanded with instructions to enter a judgment declaring MFA is not relieved of its obligations under its contract because of lack of cooperation of the insured, Miss Thost or Mr. Clark.

CLEMENS, P. J., and McMILLIAN, J., concur.